561, and the cases there cited. 8 Rep. 146.) The de-
fendant may, therefore, justify the entry. It is a rule that
the trespass itself being justified, this also reaches the mat-
ter laid in aggravation; (*Taylor* v. *Cole*, 1 H. Bl. 555;)
and thus the defendant would be acquitted of the entire
charge against him. It cannot be that the law ever in-
tended to trammel this remedy by imposing upon the par-
ty such an absurd result. It marks the limit of the prose-
cution, by confining it to one holding the relation of mas-
ter, (*Nickleson* v. *Stryker*, 10 John. Rep. 115,) from which
it looks directly to the consequential injury as the vital
spark of the action; thus reducing the case to the plain
and familiar principle which marks the distinction between
trespass and case. On the whole, we are all perfectly
clear, that case was well brought; and the motion for a
new trial must be denied.

NEW YORK,<br>May, 1825.<br><br>Wright<br>v.<br>Hooker.

New trial refused.

---

## WRIGHT AND ELY *against* HOOKER.

A DEPUTY of the sheriff of Oswego had, by mistake, ad-
vertised the defendant's farm for sale *at the house of the de-
fendant,* upon a *fi. fa.* under a wrong description; but he
sold the farm and gave a certificate of sale by a full and cor-
rect description including the No. of the lot. The sale took
place, not at the defendant's actual dwelling house; but at
his late dwelling house on the farm sold, from which he
had removed a few months before; but to which the de-
puty made affidavit he expected he would shortly return, as
he informed him that such was his intention, and he owned
the house at the time of the sale. The deputy also swore
that he sold without discovering the error in description;
that he could not ascertain the number of the lot which
was, therefore, omitted in the advertisement; and the mis-
description was in the length of one of the boundary lines, be-
ing, as he believed, by mistake of the printer, advertised as
78 chains and 50 links long, whereas it should have been

Sale of real<br>estate under a<br>*fi. fa.* vacated,<br>&c. on motion<br>in behalf of the<br>deputy sheriff<br>who sold; an<br>action having<br>been brought<br>against the<br>sheriff for the<br>penalty given<br>by the statute<br>(1 R. L. 505,<br>s. 13,) he hav-<br>ing misdescri-<br>bed the land<br>in the adver-<br>tisement by<br>mistake; on<br>paying the<br>costs of the<br>motion, and of<br>the suit against<br>the sheriff, the<br>deputy having<br>acted in good<br>faith

NEW YORK,
May, 1825.

Bradt
v.
Koon.

28. chains and 50 links; that he believed, from repeated conversations with the defendant, that he fully understood where the sale was to be; that the proceedings were in good faith. Hooker had sued the sheriff of Oswego, Otis Hart, for the penalty given by the statute (1 R. L. 505, s. 13) for selling real estate without duly advertising it.

Several affidavits were read on the part of Hooker to rebut the allegation of good faith.

It appeared that the plaintiff, Wright, bid off the farm by his agent; no money was paid but the amount bid was endorsed as received by the sheriff on the *fi. fa.* and a return made accordingly.

On personal notice of the motion served on the defendant and on the plaintiffs' attorney,

*J. Platt,* in behalf of the deputy, moved to vacate the sale, certificate, receipt and return upon the *fi. fa.*

*G. C. Bronson,* contra.

*The Court,* being satisfied that the proceedings were in good faith, granted the motion, on payment of all the costs of opposing this motion, and the costs in the action brought against the sheriff.

Rule accordingly.

---

## BRADT *against* KOON.

## LAWRENCE *against* BRADT.

An attorney obtains judgment for costs in favor of A. against B. the latter has no right to set off a judgment purchased by him against A. after the judgment obtained in A.'s favor, so as to defeat the attorney's lien.

The court will protect the attorney's lien to the same extent as the rights of an assignee.

IN the first cause, Bradt had recovered in this Court $70. In the second cause, Lawrence had recovered $53 81 in the Mayor's Court of the city of Albany, which was assigned to Koon; and now,

*J. Koon,* moved to set off $53 81, the last judgment against so much of the first, and cited *Schermerhorn* v. *Schermer-*