THE PRESIDENT, &c. of the ONTARIO BANK *vs.* LANSING.

*Where on the sale of property under a fi. fa. a plaintiff inadvertently bids a sum less than the amount of his execution, the sale on his application will be set aside, and a re-sale ordered.*

MOTION by plaintiff to vacate a sale under execution. Six lots in the city of Albany were sold by virtue of a *fieri facias,* and bought in by the assignee of the judgment, for the sum of $2560; the amount directed to be levied on the execution was $1872 86, with interest from 9th March, 1828. Previous to the sale, the defendant in the execution proposed

to the assignee certain terms on which the property should be sold, by which it was provided, among other things, that out of the proceeds of the sales, a mortgage executed by the defendant, which was a lien upon the lots senior to the judgment, should be first paid and satisfied, to which the assignee of the judgment assented. The amount due on the mortgage was $2331 71. After the sale, the assignee of the judgment obtained an assignment of the mortgage, and of the bond executed as a collateral security, when he was called upon by the defendant to surrender the bond, alleging that according to the terms of sale, the bond was paid and satisfied. The purchaser not having obtained a certificate of sale from the sheriff, now applied to the court to vacate the sale, under the apprehension that if the purchase should be considered as made under the terms of sale proposed by the defendant, so that the mortgage should be considered as paid and satisfied, the whole amount of the *bid for the property*, after adding the interest of the mortgage, would be only $218 29, on the payment of which by a *junior* judgment creditor, the purchaser would lose his claim upon the lots, and be remediless for the amount of the monies he paid on obtaining an assignment of the mortgage.

*By the Court*, MARCY, J. The peculiar circumstances of this case might lead to difficulties and embarrassments. The purchaser, who is the assignee of the judgment, intimating his intention to have bid for the property sold a sufficient amount to pay and satisfy his judgment, in case a redemption was sought by the defendant or a junior judgment creditor ; and having, in fact, bid for the same a sum sufficiently great to effect that object, is entitled to have his rights placed beyond the reach of controversy. The embarrassments which exist in the case grow out of the agreement with the defendant respecting the application of the proceeds of the sale to the satisfaction of the mortgage. We perceive no objections to granting the motion, which is accordingly granted, and a new sale ordered at the expense of the assignee of the judg-

The People
v.
Church.

ment, he stipulating at a future sale to bid at least the sum of $218 29, the sum heretofore bid over and above the amount of the mortgage.