Mulks
v.
Allen.

MULKS *vs.* ALLEN.

Where a plaintiff and a deputy sheriff were deceived as to the locality of the real estate of a defendant, by the representations of the defendant, and in consequence thereof the plaintiff bid $800 for the property not worth to exceed $150, and the property was struck off to him, a *re-sale* was ordered.

IN this case, real estate of the defendant was sold by virtue December 18. of an execution and bid in by the *executors* of the plaintiff, the plaintiff having died since the issuing of the execution. The property was bid in at $840,28, under the impression and belief of the purchasers, and of the deputy sheriff who officiated at the sale, that the premises described in the advertisement covered a wollen factory owned by the defendant, worth upwards of $1000; whereas now it was discovered that the premises sold comprised only a garden spot, worth only $150, or less. It was alleged that the deputy had been misled by the defendant, when applied to for information respecting his real estate. The defendant, however, denied all intention to deceive. The executors asked that the sale be vacated. The motion was opposed on behalf of *junior judgment creditors,* on whose part it was insisted that the *executors* of the plaintiff had bought in the defendant's *personal property* at such reduced prices, previous to the sale of the real estate, that in equity the judgment was more than satisfied; that the executors, therefore, ought to be obliged to resort to a court of chancery for relief, where, asking equity, they might be compelled to do equity, by submitting the personal property to a re-sale.

*By the Court,* SAVAGE, Ch. J. In *Lansing* v. *Quackenbush,* 5 Cowen, 38, this court refused to correct the endorsement on the execution, when property had been sold which did not belong to the defendant, because a court of equity was deemed a more proper forum to grant relief; and in *Vandenburgh* v. *Briggs,* 7 Cowen, 367, we refused to correct a mistake of the plaintiff's agent on the ground that junior judgment creditors had acquired rights; but in *The Ontario Bank* v. *Lan-*

*sing*, 2 Wendell, 260, we vacated a sale where the plaintiffs had inadvertently bid a sum less than the amount intended to have been bid. This is a stronger case in favor of such a motion than either of the cases above referred to. Whether the defendant did or did not intend to mislead the plaintiffs' executors and the deputy, there is no doubt that they were deceived by the representation he made. The junior judgment creditors have no equity superior to that of the senior creditor, nor equal to it; their claim to the property is subject to the prior lien, which must first be paid, and legally paid, before the junior creditors have any rights. It is said that the *personal property* of the defendant was sold for less than its value, and that the plaintiff's estate has had the benefit of such sale, and proof is offered in support of this allegation. Where there has been a *sale at auction*, the price brought must be considered a better test of the value of the property, than a valuation put upon it by individuals after the sale. The motion is granted, on payment of the costs of resisting.