## SUPREME COURT.

### RICHARDS AND RUSSELL agt. VARNUM.

### RUSSELL agt. SAME.

Where the sheriff sold, among others, a lot of land to which the defendant in the execution had no *legal* title, but an equitable interest arising under a contract for purchase, *held*, that the sheriff's certificate of sale might be amended by striking out of it such lot.

*Washington Special Term, September* 1852.   This was an application on the part of Joseph Russell, to amend the certificate ·of sale by the sheriff of Warren county, of certain lands of the defendant, Aaron Varnum, by virtue of executions issued upon the judgments in the above entitled causes, by expunging from said certificate the clauses containing lot number seven in Abeel's patent, particularly bounded therein, and containing about 93 acres of land.

The sheriff of that county on the 23d day of November 1847, sold a number of lots of the defendant under the executions then in his hands, and among others lot No. 7, above described.   The amount of the two executions at the time of the sale, was $1506·16, besides interest.   At the sale three pieces of land, including lot No. 7, were severally sold, and bid off by Joseph Russell; the first piece for $350, the second for $200, and lot

No. 7 for $200; and the sheriff executed the certificate of sale. to him, which is now sought to be amended.

The title to lot No. 7 at the time of the sale, was in Halsey Rogers, who had contracted to convey it to defendant, who had paid the consideration, but had received no deed.

No redemption having been made, the sheriff on the 20th of March 1849, executed a deed to Russell for all the parcels purchased at the sale.

On the 8th day of November 1850, Russell commenced an action in this court for the recovery of possession of lot No. 7, against one Artemas Mattison, who was in possession of it. Halsey Rogers was substituted as defendant instead of Mattison, who was his tenant. The cause was tried and the plaintiff nonsuited, which decision was afterwards affirmed on appeal, at the general term, on the *sole ground* that the sheriff's sale of the lot was prohibited by statute, and was a nullity, because the legal title was, at the time of the sale, in Rogers; and that Russell had only a lien upon the equitable claim under the judgments. An affidavit of Varnum, the defendant in the judgments, is produced, in which he swears that the whole amount is justly due upon them, except so much as has been realized by the sales of the real property as aforesaid, and consenting that the motion may be granted amending the certificate. Notice of the motion has also been served upon Rogers, who appears by his counsel to oppose it. The executions still remain in the hands of the sheriff, and no return has been made upon them. The case and points which were used on the argument of the case of Russell agt. Rogers have also been produced, by which the facts appear substantially as stated above, and the defendant's only point on the argument of the appeal was, that "the legal estate in lot No. 7 was in Rogers, and that Varnum's equitable estate could not be sold under execution."

W. Hay, *for Russell.*

E. H. Rosekrans, *for Rogers.*

C. L. Allen, Justice.—I can see no objection to granting this motion. The defendant in the executions consents to it, and no injury can can arise to any other individual, who may have any

Richards and Russell agt. Varnum.

rights, accruing under the sale, if any there are. The court has pronounced the sale of lot No. 7 to be a nullity under § 4–6 of 1 *R. S.* 744, and which have received a construction in Griffen vs. Spencer (6 *Hill*, 525), and in 6 *Barb.* 116, 129; 10 *Paige*, 562; 2 *Barb. Ch.* 458. *Varnum* entered into possession under his contract to purchase from Rogers, and never having received a deed the court decided that the legal title was in Rogers, and that Varnum's possession or interest could not be sold under execution. I can perceive no harm, therefore, in striking from the certificate of sale, what the court has already decided to be of no effect·or benefit whatever.

In Mulks vs. Allen (12 *Wend.* 253), the court vacated a sale where the plaintiff had inadvertently bid a sum less than the amount intended. In Smith vs. Hudson (1 *Cow.* 430), the sheriff was permitted to amend his certificate, by inserting therein a parcel of land which he had sold on execution, but had omitted to mention in the certificate. So the docket of judgments has been corrected, where a mistake of the clerk occurred in the amount of the judgment (Hunt vs. Grant, 19 *Wend.* 90; and see Bixby vs. Mead, 18 *Wend.* 611). In Wright vs. Hooker (4 *Cow.* 415), a deputy had, by mistake, advertised the defendant's farm for sale, at the house of the defendant, upon a fi. fa. under a wrong description; but he sold the farm and gave a certificate of sale, by a full and correct description, including the number of the lot. The sale took place not at the defendant's actual dwelling house, but at his late dwelling house. The deputy swore that he acted in good faith, and a motion was made to vacate the sale, which was granted by the court, on payment of costs, it being satisfied that the proceedings were in good faith. There is no pretence here but that the whole proceeding was in good faith, and that both the sheriff and Russell believed that Varnum had such an interest in the lot as could be sold under execution.

Leave to amend is granted on payment to the attorney of Rogers $7 costs of opposing this motion.