## DWIGHT'S CASE.

*Supreme Court, First District; General Term, Sept.,* 1862.

PURCHASER AT JUDICIAL SALE.—MOTION BY ONE NOT A PARTY
TO THE ACTION.

The court may relieve a purchaser at a sale under execution, when the purchase
has been induced by misrepresentation.

There is no reason why a person, not a party on the record, addressing the equi-
table summary jurisdiction of a court of law, should not obtain the relief to
which he would be entitled if he was a party.

Thus, where D. purchased at a sale on execution "all the right, title, and inter-
est" of T., in certain real estate, misled by the representation of the creditor's
attorney that T. had good title, and afterwards discovered that T. had con-
veyed the property prior to the docketing of judgment ;—*Held,* that D. was en-
titled, on motion, to have the sale set aside, and to be released from his pur-
chase.

Appeal from an order setting aside a sale on execution, and
directing that a new execution issue.

Judgments for costs were recovered against one Samuel W.
Tallmadge, in three several suits, upon which executions were
issued by the attorney for the plaintiffs, to Rensselaer county.

The sheriff of Rensselaer then levied on certain land in that
county, and sold the "right, title, and interest of Tallmadge
therein" to one Timothy C. Dwight, and executed to him the
usual certificate, and then returned the executions to the proper
county, with indorsements of satisfaction thereon.

Dwight was not a plaintiff or defendant in any of these three
suits, but he claimed to be a creditor of Tallmadge, and to have
some interest in the judgments. After the return by the sheriff
of the executions, as above stated, Dwight moved at special
term, upon notice to the sheriff and the defendant, Tallmadge
(the plaintiff's attorney consenting), to vacate the returns and
the satisfactions of the judgments under them ; and, also, that
the sale and all proceedings thereon be declared void, and that
new executions be allowed to issue. The ground of his motion

was, that he had been advised by the attorney for the plaintiffs to purchase the land in question, but that after the sale he had discovered a previous conveyance by Tallmadge of the land so sold.

Mr. Justice Barnard, at chambers, directed the entry of an order vacating the returns and satisfactions, together with the sale and all proceedings thereon; and authorizing the plaintiffs to issue new executions for the amount of the judgments.

From this order, the defendant Tallmadge appealed to the general term.

*Elbridge T. Gerry*, for the appellant.—I. Not being a party to any of these suits, Dwight was a stranger to the judgments, and not entitled, on motion, to impeach the regularity of, nor to move to set aside, proceedings thereon. 1. The case is widely different from that of a purchaser under a foreclosure-sale; for there, specific property is pointed out by the decree of the court. 2. But a purchaser at a sheriff's sale is not entitled to any such favor; and as the present motion was not merely to set aside the sale, but also the executions, the court, at special term, erred in entertaining such a motion by him. (Berry *a.* Riley, 2 *Barb.*, 307; Smith *a.* McGowan, 3 *Ib.*, 404; Pierce *a.* Alsop, 3 *Barb. Ch.*, 184; *Crocker on Sheriffs*, § 491; Price *a.* Shelby Circuit, *Hardin (Ky.)*, 254; Weisiger *a.* McClure, 5 *J. J. Marsh.*, 292; Phillips *a.* Coffee, 17 *Ill.*, 154; Hitchcock *a.* Roney, *Ib.*, 231; Wallop's Executors *a.* Scarburgh, 5 *Gratt.*, 1; Nuckols *a.* Mahone, 15 *Ala.*, 212; Gridley *a.* Duncan, 8 *Sm. & Marsh.*, 456; Hutchinson *a.* Greenbush, 30 *Maine* (17 *Shep.*), 450; Blair *a.* Greenway, 1 *Browne (Pa.)*, 218.) 3. In a particular instance, a purchaser at a sheriff's sale has a remedy by statute—not on motion. (2 *Rev. Stat.*, 375; 3 *Ib.*, 5 ed., 658, § 97.) 4. The consent of the plaintiffs' attorney to the motion does not improve Dwight's *status*. (Laws *a.* Thompson, 4 *Jones (N. C.)*, 104.)

II. By the terms of the sale, Dwight acquired only "the right, title, and interest" of Tallmadge in the land sold; and the rule is settled that, on such sale, the maxim *caveat emptor* applies. (2 *Rev. Stat.*, 373; 3 *Ib.*, 5 ed., 655, § 78; The Monte Allegre, 9 *Wheat.*, 616, 647; Stafford *a.* Williams, 12 *Barb.*, 240, 243; Homesley *a.* Hogue, 4 *Jones (N. C.)*, 481;

Flynn *a.* Williams, 1 *Ired.*, 509; Reed *a.* Kinnaman, 8 *Ired. Eq.*, 18; Del. & Lack. R. R. Co. *a.* Blair, 4 *Dutcher*, 139; Hensley *a.* Baker, 10 *Missouri*, 157; McLouth *a.* Rathbone, 19 *Ohio*, 21; Creps *a.* Baird, 3 *Ib.*, *N. S.*, 277; O'Neal *a.* Wilson, 21 *Ala.*, *N. S.*, 288, 295; Lang *a.* Waring, 25 *Ib.*, 625; Starke *a.* Harrison, 5 *Richard's* (*S. C.*), 7; Harth *a.* Gibbes, 3 *Ib.*, 316; Andrews *a.* Murphy, 12 *Ga.*, 431; McWhorter *a.* Beavers, 8 *Ib.*, 300; Rodgers *a.* Smith, 2 *Carter* (*Ind.*), 526; Vest *a.* Weir, 4 *Blackf.*, 135.)

III. Dwight seeks to overthrow this rule, and to avail himself of his own folly, in not ascertaining the facts before purchasing. 1. He never caused any search for prior conveyances to be made. 2. He makes no excuse for his carelessness, and is not entitled to favor. (Biddle *a.* Moore, 3 *Penn.*, 161.)

*Albert Comstock*, for Dwight, opposed.—I. The objections to the right of Dwight to move in the action are of a technical and preliminary nature, and the motion having been heard on the merits, they cannot now be considered. (Main *a.* Pope, 16 *How. Pr.*, 271; Roosevelt *a.* Dean, 3 *Cai.*, 105; S. C., *Col. & C. Cas.*, 460.)

II. Besides, the right of any party to an action to ask relief by a summary application therein, and in no other way, against the purchaser, is indisputable; that the purchaser should have the right in a similar manner to apply, seems natural, just, and correlative. (Brown *a.* Frost, 10 *Paige*, 243; Requa *a.* Rea, 2 *Ib.*, 339; Darvin *a.* Hatfield, 4 *Sandf.*, 468; Lents *a.* Craig, 13 *How. Pr.*, 72; King *a.* Morris, 2 *Abbotts' Pr.*, 296.) A creditor certainly has. (May *a.* May, 11 *Paige*, 201; Nicholl *a.* Nicholl, 8 *Ib.*, 349.)

III. But beyond elementary principles, authorities for vacating judicial sales in behalf of purchasers, and others aggrieved on the ground of mistake, &c., are numerous; and sheriffs' returns on executions have been vacated, and new executions ordered to issue, for reasons similar to those here urged. (Hoppock *a.* Conklin, 4 *Sandf. Ch.*, 582; American Ins. Co. *a.* Oakley, 9 *Paige*, 259; McGown *a.* Wilkins, 1 *Ib.*, 120; Williamson *a.* Field, 2 *Sandf.*, 533; Suydam *a.* Holden, in Court of Appeals, *Howard's Code of* 1859, 440.)

IV. The maxim *caveat emptor* does not apply to Dwight's

prejudice within the ruling of the authorities referred to; and the statutory provisions referred to by the appellant's counsel are not conclusive as to the manner of seeking, or nature of the relief, for the action by the purchaser must be in the original suit. (3 *Rev. Stat.*, 5 ed., 658; Nicholl *a.* Nicholl, *supra.*)

By THE COURT.—CLERKE, J.—In the Ontario Bank *a.* Lansing (2 *Wend.*, 260), on the sale of the property under a *fi. fa.*, the plaintiff inadvertently bid a sum less than the amount of his execution, and the sale on his application was set aside. Again in Mulks *a.* Allen (12 *Ib.*, 253), the plaintiff and deputy sheriff were deceived, as to the locality of the property, by the representations of the defendant; in consequence of which the plaintiff bid $800 for it, when it was not worth more than $150; it was struck off to him, and on motion a resale was ordered. There are other cases, no doubt, in which the court refused to interfere, either on the ground that junior judgment-creditors had acquired rights, or that a court of equity was the proper tribunal to grant relief. But neither of these grounds apply to the present case. It resembles the case of Mulks *a.* Allen, where the purchaser was deceived by the representations of the defendant as to the locality. Here the purchaser was deceived, to be sure, by the misrepresentations of the plaintiff's attorney; but the misrepresentations were equally mischievous in the one case as in the other. They induced the purchaser to do what he otherwise would not have done. The purchaser in Mulks *a.* Allen was not obliged to rely on the misrepresentations any more than in this case; he could have obtained correct knowledge as to the locality of the property by further inquiry; but still the court relieved him from the purchase.

As to the objection that the person making this application is not a party to the actions in which the executions were issued, if it is at all proper to consider that objection now, I think it should not be sustained. Parties, other than parties to suits, are frequently allowed to address themselves to the equitable consideration of courts of law; as, for instance, judgment-creditors in other actions against the same defendants, on motions to set aside fraudulent judgments. Besides, in analogy to applications like the present, in foreclosure and partition suits in courts of equity, there is no reason why a person, not a party,

on the record, addressing the equitable summary jurisdiction of a court of law, should not obtain the relief to which he would be entitled if he was a party.

The order of the special term should be affirmed, with costs.

BARNARD, J., concurred.

INGRAHAM, P. J., dissented.