IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1867, IN THE FIFTY-FIRST YEAR
OF THE STATE.

---

### LOCKWOOD and Another v. JOAB.

HUSBAND AND WIFE.—WITNESS.—Where the complaint shows the cause of action to be wholly in the husband, he is a competent witness in his own behalf, notwithstanding the wife may be joined as a plaintiff.

APPEAL from the *Vigo* Circuit Court.

ELLIOTT, C. J.— *William Lockwood* sued *William Joab* before a justice of the peace for two hundred dollars, a balance due on certain real estate sold and conveyed by *Lockwood* to *Joab*. On the day of trial, *Lockwood*, by leave of the justice, amended his complaint by making *Delia Lockwood*, his wife, a party plaintiff. They recovered before the justice, and *Joab* appealed to the *Vigo* Circuit Court.

The controversy between the parties was, whether *Joab*, at the time of the purchase, had paid *Lockwood*, in cash, including some taxes and interest on a mortgage, one thousand dollars, or whether the amount so paid was only eight

(423)

hundred dollars. On the trial of the cause in the Circuit Court, *William Lockwood* offered himself as a witness to prove that the amount paid was only eight hundred dollars, and not one thousand dollars, as claimed by *Joab;* but the court refused to permit him to become a witness, or to testify in the cause, because *Delia Lockwood,* the other plaintiff, was his wife. Finding for the defendant. Motion for a new trial overruled, and judgment. The plaintiffs below appeal.

The refusal of the Circuit Court to permit *Lockwood* to testify as a witness, presents the first question in the case. The complaint was amended before the justice, by adding the name of *Delia Lockwood* as a plaintiff, in the commencement of the complaint, leaving it to appear that the real estate was sold to the defendant by *William Lockwood* alone. It does not appear, either by the pleading or the evidence in the case, (which is made a part of the record,) that the wife owned, or had any interest in, the real estate sold to *Joab,* other than that resulting from the marital relation; nor does any reason appear for making her a party plaintiff. She joined with her husband in the deed conveying the real estate to *Joab,* but if the title was in him, that fact did not entitle her to any part of the purchase money. The complaint, as well as the evidence, fails to show any cause of action in the wife, and she was not therefore a proper party. The statute prohibits husband and wife from testifying "as to matters for or against each other," &c. 2 G. & H., 170. But in the case at bar, as the complaint showed a cause of action in favor of the husband alone, the facts to which he offered to testify related to himself only, and were not "matters for or against" the wife, and he was, therefore, a competent witness. *Gee* v. *Lewis el ux.,* 20 Ind. 149. At common law, the plaintiffs, in such a case, would have failed on the trial, unless it appeared that they were both proper parties; but the rule is otherwise under the code, which provides that "judgment may be given for or against one or more of sev-

eral plaintiffs," &c. 2 G. & H., § 368, p. 218; *Draper* v. *Vanhorn*, 12 Ind, 352.

An objection is also urged to the charge given by the court to the jury. We have examined it, and think the objection is not well taken.

The judgment is reversed, with costs, and the cause remanded to the court below for a new trial.

*J. P. Baird* and *C. Cruft*, for appellants.

*W. Mack*, for appellee.