## HASKIT ET AL. *v.* ELLIOTT ET UX.

HUSBAND AND WIFE.—*Principal and Agent.—Mortgage.*—Where a creditor prepares a promissory note payable to himself, and a mortgage on real estate belonging to his debtor's wife, to secure such note, and sends them to the debtor for his signature, and to procure his wife's signature to the same, he thereby constitutes the husband his agent for such purpose; and if he puts it in the power of such agent to procure the signature of the wife by falsely representing that the consideration of such note and mortgage is merchandise to be shipped to her for her use in a business she is carrying on for herself, he will be bound by such statements.

SAME.—*Failure of Consideration.*—Where the wife signs such a mortgage, upon such a consideration, and the merchandise is not sent, there is a failure of consideration as to her, which will be a good defence against an assignee of such note and mortgage.

SAME.—*Evidence.—Foreclosure.*—Where husband and wife are sued jointly on such note and mortgage, and each files a separate answer, and issues are joined under the same, the husband is a competent witness in his own behalf, although his evidence may enure to the benefit of his wife.

SAME.—The handwriting of letters used in evidence by the husband, hav-

ing been once proved by competent evidence, the letters may afterward be used by any party to the record, without further proof of handwriting.

From the Clay Circuit Court.

*W. W. Carter* and *S. D. Coffey*, for appellants.

*D. E. Williamson* and *A. Daggy*, for appellees.

HOWK, J.—In this action, the appellants, as plaintiffs, sued the appellees, as defendants, in the court below, to foreclose a mortgage, executed by the appellees on cer: tain real estate in Clay county, Indiana, and to recover the debt secured thereby.

In their complaint, the appellants alleged, in substance, that on the 30th day of April, 1874, the appellees executed their mortgage to Haskit & Morris, on the real estate therein particularly described, in said county, to secure the payment of their three promissory notes, of even date with said mortgage, each for the sum of one hundred and sixty-six dollars and sixty-six and two-third cents, and payable respectively in three, five and seven months after date, to the order of said Haskit & Morris; that the said Haskit & Morris, for value received, endorsed the said notes to the appellants, Haskit & Hetselgesser, and that said notes remained unpaid. Copies of said mortgage and notes, and of their endorsements, were filed with and made parts of said complaint, and judgment was demanded for seven hundred dollars and costs, the foreclosure of said mortgage, and for all other proper relief.

The appellees severed in their defence of this action. The appellee Dorsey O. Elliott answered in two paragraphs, in substance, as follows:

1. A general denial;

2. In the second paragraph of his answer, said Dorsey O. Elliott averred, that said notes and mortgage, herein sued on, were given for a debt of two hundred dollars, then due from him to the appellants, and that the residue of said notes was given for a bill of goods, which the appellants then and there, at the time of the execution of

said notes and mortgage, agreed to furnish and ship to said appellee, at the town of Knightsville, Indiana, within six days thereafter; that he, said appellee, was then, and still was, engaged in carrying on a retail drug store in said town of Knightsville, and that he relied, for a long time, upon said appellants' shipping to his address said goods, and by reason thereof did not make a similar purchase elsewhere, nor in any manner replenish his stock; that there are large profits in retailing the goods so ordered by him, amounting in the aggregate to at least three hundred dollars, all of which said appellee lost by reason of the breach of contract on the part of the appellants in not furnishing said goods. Wherefore said appellee asked, that said three hundred dollars, intended as payment for said bill of goods, might be set off against said notes, and that said specific damages might be set off against said two hundred dollars, and for other proper relief.

The appellee Elizabeth C. Elliott separately answered in a single paragraph, in substance, that she was the wife of her co-appellee, Dorsey O. Elliott, who was still living; that the real estate, described in the mortgage herein sued on, was then, and at the time of the execution of said mortgage, her separate property; that the appellants, intending to cheat and defraud said appellee out of her said property, falsely and fraudulently represented and pretended to her, that they were about to furnish to her husband and co-appellee a large amount of goods for the purpose of replenishing his stock of drugs, then and there kept by her said husband and co-appellee, at retail, in the town of Knightsville, in said county; that the said stock, so intended and promised by the appellants to be furnished by them to her co-appellee, amounted to a sum equal to the three several notes herein sued on, which, she believed, were given and secured by said mortgage for the purpose of procuring said stock of goods, yet to be furnished, and for no other purpose whatever, when,

in truth and in fact, said notes and mortgage were, by the appellants, fraudulently taken, for the purpose of securing a debt supposed to be due them from her said co-appellee, in which she had no interest, and had received no consideration therefor, and never in any manner agreed to assume, or encumber her separate property for; that she, confiding in and relying upon the appellants' false and fraudulent representations and promises, and being ignorant of the fact that her co-appellee was indebted to the appellants on any account, signed the said notes and mortgage. Wherefore the said appellee prayed judgment for costs, and for other proper relief.

The appellants replied, by a general denial, to the affirmative answers of each of the appellees. The issues thus joined were tried by the court, without a jury, and a finding was made, in favor of the appellee Elizabeth C. Elliott, and in favor of the appellants, as against the appellee Dorsey O. Elliott, for the sum of five hundred and ninety dollars and fifteen cents; and the appellants' written motion for a new trial having been overruled, and their exception saved to such ruling, judgment was rendered by the court below, in accordance with its finding.

The only alleged error, complained of by the appellants in this court, is the decision of the court below, in overruling their motion for a new trial. The causes assigned by the appellants for such new trial were, in substance, as follows:

1. The finding of the court was not sustained by the evidence;

2. The finding of the court was contrary to the evidence;

3. The finding of the court was contrary to law;

4. The court erred in allowing the appellee Elizabeth C. Elliott to testify on the trial of this cause, that her husband, Dorsey O. Elliott, in the absence of the appellants, represented to her that the notes and mortgage in

suit were for goods to be furnished after their date, and they were to secure a new stock of goods, to which evidence the appellants at the time objected;

5. The court erred, on the trial of this cause, in allowing the appellee Dorsey O. Elliott to testify to the handwriting of the letters signed Craig and Haskit & Morris, he being the husband of the appellee Elizabeth C. Elliott; and,

6. The court erred in admitting in evidence, over the appellants' objections, two certain letters, setting them out, on behalf of the appellee Elizabeth C. Elliott, there being no proof of the handwriting of said letters, except by the appellee Dorsey O. Elliott, who was the husband of the appellee Elizabeth C. Elliott, and not a competent witness in her behalf.

Before considering the questions presented for our decision by the record of this cause, we will first give a summary of the facts of the case, as developed by the evidence. At, and for two years before, the date of the notes and mortgage sued upon, the appellee Dorsey O. Elliott kept a retail drug store, in the town of Knightsville, Clay county, Indiana; and, during those two years, he purchased goods for his said store from the firm of Haskit & Morris, of Indianapolis, Indiana, the assignors to the appellants of the notes in suit. On the 20th day of April, 1874, ten days before the date of said notes and mortgage, one James C. Craig, then "the travelling agent for Haskit & Morris," visited the appellee Dorsey O. Elliott, at Knightsville, presented to him "the itemized account of E. C. Elliott, and demanded a settlement." Craig and Dorsey O. Elliott agreed upon the sum of five hundred dollars, as the amount then due Haskit & Morris, on prior purchases from them. At that time, Mrs. Elizabeth C. Elliott was absent from her home, in Putnam county. Mrs. Elliott was then the owner, in her own right, of the real estate described in said mortgage. Craig

wanted the account settled by notes, secured by mortgage; and Dorsey O. Elliott wanted Haskit & Morris to "sell him more goods."

In a letter written by Craig to Dr. Elliott, dated at "Indianapolis, Ind., April 25th, 1874," in answer to one written by Elliott to Haskit, dated the day before, Craig wrote as follows:

"I enclose you the mortgage and notes that I had prepared, and, if you will sign them, together with Mrs. Elliott, and send them in, we will take up the receipt that I gave you for the $15 you paid me, and give you credit for the amount on one of the notes, and you can send in your order for what goods you need and get them, and things will be satisfactory to all parties."

This letter was signed,

"J. C. CRAIG, with Haskit & Morris."

Five days after the date of this letter, to wit, April 30th, 1874, the notes and mortgage in suit appear to have been executed.    Elliott sent in his order for the goods he wanted, and, on the 9th day of May following, Haskit & Morris, having in the meantime received the notes and mortgage, "most respectfully decline to send them, unless the money accompanies the order."

On the trial of the cause, in the court below, Mrs. Elizabeth C. Elliott testified as a witness, in her own behalf, as follows:

"My name is Elizabeth C. Elliott.    I am the wife of my codefendant, Dorsey O. Elliott.    When I signed the notes and mortgage in suit, my husband came to me with the instruments, mortgage and notes, to procure my name for plaintiffs, and then and there represented to and told me, that the notes and mortgage in suit, on agreement with plaintiffs, was to secure a new stock of drugs for drug store in Knightsville.    I didn't know that they were to secure an old debt, nor was I so informed by either plaintiffs or my said husband.    I believed what my husband said about it, that, by agreement with plaintiffs,

if I would sign the notes and mortgage, plaintiffs would send value in drugs. If I had known that they were to secure an old individual debt of my husband, I would not have signed them. The representations, made by plaintiffs through my husband, induced me to place my name to said papers. I relied upon what my husband said about the matter. The property described in the mortgage is my separate property. I did not know that was an old individual debt against my husband, the one for which these notes were given. I never authorized him to create this debt for any purpose."

On cross-examination, she testified as follows: "I never saw the plaintiffs in this suit. I never had any talk with any one but my husband about the notes and mortgage; they were sent by plaintiffs to him, and by him presented to me, on said representations aforesaid. The drug store belongs to me, and has belonged to me all the time. My husband does the business. He purchases the drugs, and sells them out for me. If the notes in suit were given for drugs that went into the store, I never knew any thing about it. Nor did the plaintiffs send any such drugs to me, but afterward refused to do so."

It seems very clear to us from the record of this cause, that the appellee Elizabeth C. Elliott was induced to sign the mortgage in suit, by the representations and promises made to her by her husband, acting in this behalf by the authority of the assignors of the appellants. They prepared the notes and mortgage in suit; they sent the mortgage and notes, which they had prepared, to the appellee Dorsey O. Elliott, as their agent, to procure his wife's signature thereto; and, for the purpose of obtaining this mortgage, thus executed, they represented to her, through him, that, when the mortgage and notes were signed and sent in, they would furnish what goods were needed for the drug store. It is certain, we think, that the appellants' assignors constituted Dorsey O. Elliott their agent, and relied upon him, as such agent, to pro-

cure from his wife, Elizabeth C. Elliott, for them, the mortgage in suit on her separate property. It is certain, also, from her evidence, which is uncontradicted, that Dorsey O. Elliott, for the purpose of procuring his wife's signature to the mortgage in suit, while acting for the appellant's assignors in that behalf, represented to and promised her, that, if she would sign the notes and mortgage, they would send her the value thereof in drugs.

It seems very clear to us, from the evidence in the record, that the only consideration for the execution by the appellee Elizabeth C. Elliott of the notes and mortgage in suit was the sale to her of the amount thereof in drugs, by the appellants, for future delivery; that, after her execution and delivery of said notes and mortgage, the appellants failed and refused to deliver to her the amount thereof in drugs; and that, by reason of such failure and refusal, the consideration of said notes and mortgage, in so far as she was concerned, had wholly failed   This was the gist of her separate answer in this cause, as we understand its averments; and, in our opinion, the absolute failure of the consideration of said notes and mortgage, as to her, was abundantly sustained by the evidence.

It is insisted by appellants' counsel, that the representations to Mrs. Elliott, about which she testified, were made in the appellants' absence, and could not bind them, and were irrelevant, immaterial, and not within the issues of this cause. If the appellants made Dorsey O. Elliott their agent to procure from his wife a mortgage on her separate property, if they authorized him, or put it in his power, to say to her, from them and in their behalf, that when the mortgage was executed they would furnish her what goods she needed, it seems to us, they would, and ought to, be bound by their agent's representations to her, although made to her in their absence. Her evidence was certainly material, relevant and within the issues in this cause. On this point, the mate-

rial questions for the court below, therefore, were these:

1st. Did the appellants constitute Dorsey O. Elliott their agent to procure from Mrs. Elliott the mortgage in suit on her separate property? and,

2d. Did they authorize their said agent, or put it in his power, to represent to Mrs. Elliott, in their behalf, that, when the mortgage was executed by her, they would furnish her the value thereof in goods, or what goods she needed?

If the evidence on the trial tended to establish the affirmative of these two questions, as it apparently did, then the representations of Dorsey O. Elliott, made as the agent of the appellants, became and were their representations, and were binding on them, whether made in their absence or not.

It is urged by appellants' counsel, that the court below erred in allowing Dorsey O. Elliott to testify to the handwriting of the letters signed by Craig and Haskit & Morris. As we have already seen, the appellees severed in their defence of this action, and filed separate answers. The appellee Dorsey O. Elliott, in the second paragraph of his answer, claimed, that the appellants were to furnish him other goods, in part consideration of the notes in suit, that they had failed to furnish such goods, and that he had sustained damages thereby. The appellants joined issue on this paragraph of answer, by a general denial thereof. The appellee Dorsey O. Elliott was a competent witness, in his own behalf, on this paragraph of his answer. The letters referred to were material to his line of defence, and it seems to us that he was a competent witness to prove the handwriting of the letters, although his evidence on this point might also enure to the benefit of his wife. *Rogers* v. *Rogers*, 46 Ind. 1; *McConnell* v. *Martin*, 52 Ind. 434; and *Sutherland* v. *Hankins*, 56 Ind. 343.

The appellants' counsel also insist, that the appellee Elizabeth C. Elliott could not use the letters referred to

as evidence in her own behalf, unless she also proved the handwriting of the letters, by some witness other than her husband. In this view of the matter, we think that counsel are in error. It seems to us, that the handwriting of the letters having once been proved in the case, by competent evidence, the letters might afterward be used as evidence, by any party to the record, without any further proof of the handwriting thereof.

In conclusion, we have to say, that it appears to us, from an examination of the entire record of this cause, that substantial justice has been done to each of the parties, in and by the decision and judgment of the court below herein. And therefore we hold, that no error was committed by the court below, in overruling the appellants' motion for a new trial.

The judgment is affirmed, at the appellants' costs.