NICKLAUS ET AL. *v.* DAHN ET AL.

WITNESS.—*Partnership.—Action by Surviving Partner.*—The defendant, in an action by a surviving partner on a partnership chose in action, is a competent witness in his own behalf.

SAME.—*Administrator of Deceased Partner not a Proper Co-Plaintiff.*—The administrator of the estate of the deceased partner is neither a necessary nor proper party plaintiff, and the defendant can not, by making such administrator a co-plaintiff, be deprived of his right to so testify.

SAME.—*Misjoinder of Parties.— Waiver.—Decedents' Estates.—Judgment.*— No judgment, either for or against such estate, can properly be rendered in such action, but such misjoinder of the administrator is waived by a failure to object thereto.

From the Bartholomew Circuit Court.

*F. T. Hord,* for appellants.

*R. Hill,* for appellees.

BIDDLE, J.—Complaint by John Nicklaus, surviving partner of the firm of John Nicklaus & Co., composed of the

said Nicklaus and Bernard Jacobs, and Christian Pfeifer, administrator of the estate of said Bernhard Jacobs, deceased, against Samuel Dahn and George Dahn, on three several promissory notes, purporting to be executed by the said Dahns, payable to the order of John Nicklaus & Co., and also upon an account for merchandise, amounting to six hundred and forty-nine dollars.

Answer filed; issue joined; trial by the court; finding in favor of the appellee George Dahn, and against the appellee Samuel Dahn. Judgment accordingly.

The appellants complain of two rulings by the court, which may be regarded as one, namely, that the court allowed each of the appellees to testify at the trial; and the third, that the evidence does not support the finding; all of which are reserved in the record, and discussed in their brief.

It appears to us that the appellees were competent witnesses. They were clearly competent against the surviving partner, Nicklaus; and no judgment could be rendered in the case, either for or against the estate represented by Pfeifer. The meritorious right of action was in Nicklaus, the surviving partner. Pfeifer, the administrator, could have no interest in the judgment recovered till after the final settlement of the firm of " John Nicklaus & Co." He was an unnecessary party; but, as no advantage was taken of it, the point is waived. The appellants could not, merely by making an unnecessary party plaintiff, thereby cut off the right of the appellees to become witnesses in the case.

The general rule is, that neither husband nor wife can be a witness for or against each other; yet, when they jointly sue, or are jointly sued, and have separate interests, each is a competent witness—the husband for himself, and the wife for herself—although the testimony of either may benefit the other. *Howell* v. *Zerbee*, 26 Ind. 214; *Lockwood* v. *Joab*, 27 Ind. 423; *Haskit* v. *Elliott*, 58 Ind. 493.

Upon the same principle, we think the appellees in the case we are considering were competent witnesses. The general rule is, that all parties are competent witnesses for themselves; the appellees in this case have not been brought within any of the exceptions to the rule.

The authorities cited by the appellants all go to cases wherein a judgment might have been rendered either for or against the estate of the deceased administrator, and where the meritorious cause of action was in the plaintiff, and hence do not support their views.

There is evidence in the case tending to prove every point necessary to support the finding, and it is too substantial for us to say that it is not sufficient.

The judgment is affirmed, at the costs of the appellants.