## CASE ET AL. *v.* COLTER.

SHERIFF'S SALE.—*Action to Vacate, and for Purchase-Money.—Sale to Wife, on Husband's Bid.—False Representations by Sheriff.—Sale without Memorandum.—Principal and Agent.—Ratification.*—In an action against the sheriff and judgment creditor, to vacate a sheriff's sale, and to recover money paid thereon, the complaint alleged that theretofore, in selling certain real estate on a decree of foreclosure in favor of his codefendant, the sheriff, on a bid made on behalf of the plaintiff by her husband, had sold the real estate to the plaintiff, without her knowledge or consent; that the husband had no authority to act as her agent; that no memorandum of the sale had been made; that afterward, in order to induce the plaintiff to ratify the sale, the sheriff had falsely represented to her that the premises sold included certain valuable improvements; and that the plaintiff, relying on such representations, agreed to accept the sale, and paid to the sheriff part of the purchase-money bid.

*Held*, on demurrer, that the complaint is sufficient.

SAME.— *Witness.*—Under the act of March 11th, 1867, 2 R. S. 1876, p. 132, " defining who shall be competent witnesses," etc., the plaintiff's husband was not a competent witness in her behalf, in such action.

SAME.—*Defective Verdict.—Amendment of, by Court.— Damages.*—There being no contest in such action as to the amount paid by the plaintiff, and the jury having simply found a general verdict " for the plaintiff," it was proper for the court, on motion, to supply the defect in the verdict by assessing the damages at the amount so paid.

From the Franklin Circuit Court.

*F. S. Swift* and *W. H. Bracken*, for appellants.

*J. F. McKee*, *F. Berry* and *H. Berry, Jr.*, for appellee.

PERKINS, J.—Frank A. Waltz and Mary M. Waltz, his wife, executed to Henry Grotenkemper a mortgage on a piece of land in Franklin county, Ind.; on which was a distillery.

Said Frank A. Waltz departed this life, leaving heirs. His widow, Mary M. Waltz, was appointed his administratrix. Said 'mortgage became due, and was not paid. It was foreclosed and the property mortgaged was sold upon the decree of foreclosure, on the 6th day of April, 1875, by John L. Case, sheriff of said Franklin county, to John Colter, as agent for his wife, Isabella Colter, for whom he assumed to act. He was not in fact her agent.

The complaint alleges that afterward, "on the 10th day of April, 1875, the defendant, said sheriff Case, for the purpose of inducing the plaintiff, said Isabella Colter, to accept the acts of said John Colter, and thus ratify the same, represented to her that the hog-pens situate south-west, and other valuable improvements and buildings south, of the still-house sold, which were used with and apparently a part of said establishment, were included in said sale ; that said pens and improvements constituted a large item of the value ; that she had no knowledge on the subject, but, relying on said representations, promised to take said property, and paid said sheriff, on said bid of five thousand dollars by her said husband, the sum of five hundred dollars ; that said representations were untrue," etc.; and she asks judgment for the five hundred dollars paid, etc. It was also averred in the complaint, that no written memorandum of the sale was made, etc.

The complaint contained a second paragraph for money had and received, etc.

Demurrers to the paragraphs of complaint were over-ruled.

Sheriff Case answered in two paragraphs:

1. The general denial;

2. An affirmative paragraph amounting to the general denial, to which a demurrer was sustained.

Grotenkemper was made a party. After a demurrer by him to the complaint was overruled, he answered "by way of a cross complaint."

Reply in denial.

Jury trial; verdict for the plaintiff as follows:

"We, the jury, find for the plaintiff.

"JOHN DORE, Foreman."

On motion, the court supplied the defect in the verdict, by assessing the damages at five hundred dollars.

The court overruled a motion for a new trial; also a motion in arrest of judgment.

The overruling and sustaining of demurrers, the over-ruling of the motions for a new trial and in arrest, and the assessment of the damages by the court, are assigned as errors.

1. The court did not err in its rulings upon de-murrers;

2. As to the assessment of damages by the court.

The amount of damages was not contested. A receipt for the five hundred dollars showed the amount paid the sheriff. The question of liability to repay that sum was the point contested. In such a case the judgment will not be reversed because the court assessed the damages. *Medler* v. *Hiatt*, 14 Ind. 405.

3. As to the representations of the sheriff touching the property, we quote from *Mulks* v. *Allen*, 12 Wend. 253. That was a motion to set aside a sheriff's sale. SAV-AGE, C. J., said:

"In *Lansing* v. *Quackenbush*, 5 Cow. 38, this court re-

Case *et al.* v. Colter.

fused to correct the endorsement on the execution, when property had been sold which did not belong to the defendant, because a court of equity was deemed a more proper forum to grant relief; and in *Vandenburgh* v. *Briggs*, 7 Cow. 367, we refused to correct a mistake of the plaintiff's agent on the ground that junior judgment creditors had acquired rights; but in *The Ontario Bank* v. *Lansing*, 2 Wend. 260, we vacated a sale where the plaintiffs had inadvertently bid a sum less than the amount intended to have been bid. This is a stronger case in favor of such a motion than either of the cases above referred to. Whether the defendant did or did not intend to mislead the plaintiffs' executors and the deputy, there is no doubt that they were deceived by the representations he made." The motion was sustained.

Under the code, a sale will be set aside where it would have been, either at law or in equity, prior to the code. The setting aside a sheriff's sale is made in the discretion of the court. This case may be decided by the rules governing sales in such cases. Two grounds were alleged as rendering the sale, at least, voidable:

1. The want of a memorandum in writing;

2. The misrepresentations of the sheriff to appellee.

Waiving the question as to the existence of the first ground, the second was established. Mrs. Colter, as a witness, swore to them. Other witnesses testified to the admissions of sheriff Case that he made them, and he did not deny the making of them, as a witness on the trial, but only testified that he did not recollect, and thought he did not make them. *Reed* v. *Diven*, 7 Ind. 189, is in point. See, also, *Gregg* v. *Strange*, 3 Ind. 366; *Pennington* v. *Clifton*, 10 Ind. 172; and *Scarry* v. *Eldridge*, 63 Ind. 44. If the contract were regarded as made by the sheriff as a private person, the representations were sufficient to avoid it.

1. One of the grounds of the motion for a new trial

was the admission of Mr. Colter, the husband of the appellee, as a witness on the trial of the cause, over the objection of the opposite party. He testified to material facts. He was not a party to the suit and had no interest in the subject-matter of it.

The statute in force at the time enacted that husband and wife should not be witnesses " as to matters for or against each other, or as to communications made to each during marriage, except " in cases of assault and battery. 2 R. S. 1876, p. 132. Under this statute the admission of said witness to give such testimony was error. This is a matter regulated by positive statute. See *Scarry* v. *Eldridge, supra; Haskit* v. *Elliott,* 58 Ind. 493.

The statute of 1879 is different on this point. It enacts that " husband and wife as to communications made to each other during marriage shall not, in any case, be competent witnesses, unless with the consent of the party making such confidential communications: *Provided,* That in suits by the husband for the seduction of the wife, the wife shall not be a competent witness." Acts 1879, p. 245.

The judgment is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.