## W. E. HUGHES v. W. S. DUNCAN, ET. AL.

### SUPREME COURT, AUSTIN TERM, 1883.

*Sheriff's Sale—Inadequacy of Price.*—Gross inadequacy of price, with other slight circumstances or irregularities attending, is sufficient to set aside a sheriff's sale.

Appeal from Dallas County.

*A. T. Watts* for appellants.

*Eblin & Robertson* for appellees.

#### STATEMENT.

This suit was brought, Oct., 4th, 1877, by appellant Hughes, against W. M. Moon, sheriff of Dallas County and S. W. S. Duncan to restrain the sheriff making a deed to Duncan for a piece of land which Duncan had bid off at a foreclosure sale made by the sheriff, and from receiving from him the amount of his bid.

The petition set fourth, *inter alia*, that in June 1877, plaintiff had recovered against F. E. Gurdey and his wife, V. Gurdey, a judgment for $666.89 and for foreclosure of vendor's lien upon the land in question; that he had agreed with Gurdey that if he would not appeal from the judgment, and would pay a part of said judgment in cash, no execution should issue upon this judgment without notice to him, and that Gurdey had paid, &c.

But that without the knowledge of plaintiff the clerk had, on Aug., 22nd, 1877, issued an order of sale, under which the sheriff had offered the property for sale on Sept., 2nd, 1877, and defendant Dun-

can had bid off the same for $25. That neither plaintiff nor his attorney were present or knew anything of the sale. That plaintiff upon learning these facts,did on the same day inform the sheriff and Duncan that the sale had been made by mistake and without the order of the plaintiff, and instructed the sheriff not to make the deed or to receive the amount bid. Whereupon the defendant Duncan tendered the amount to the sheriff and demanded a deed; and further that the sheriff, unless restrained by injunction, would receive the money and make the deed to the irreparable damage of plaintiff. That the property is worth $1200, that Gurdy and wife are insolvent, and that this property is the only source from which he can collect his judgment against Gurdey and wife; that the money has not yet been paid or the deed delivered, that the order of sale is still in the hands of the sheriff. Prayer that Gurdey and wife be served with process and made parties, for the suit of injunction for judgment declaring the sale void,cancelling the same and for general relief.

Petition sworn to and injunction issued same day.

On the same day, Oct., 4th, 1877, the defendant answered by a general demurrer and a specific denial under oath of each and all the allegations in the petition, upon which plaintiff rested his claim for relief.

October 5th, 1877 the defendant moved to dissolve the injunction because :

1st. There are no equities on the face of the petition.

2nd. All the equities set up are denied in the answer under oath.

October 16th, 1877 plaintiff amended, setting out more specifically his grounds of his claim for relief, which will be stated hereafter.

The amendment was sworn to.

October 18th, 1877, the defendant Moon answered by a general demurrer and a general denial.

On the same day the defendant Duncan filed a lengthy amendment under oath in which he denies the allegations of the amended petition.

January 23rd, 1879, Gurdey and wife appear, and adopting the allegations of the original petition, pray that the pretended sale be set aside and for general relief.

December 11th, 1879, the cause was submitted to the court without a jury. Judgment was rendered in favor of the defendants

Duncan and Moon against plaintiff and the defendants Gurdy and wife.

Their motion for a new trial was overruled and they appealed.

Appellants assign the judgment as error, because :

1st. The evidence shows that the sale was made through mistake, without the knowledge of appellants, for a grossly inadequate price, (to wit) for only one-fortieth part of its value.

2nd. Appellants were not guilty of negligence in not attending the sale, because none of them knew that the order of sale had issued, and they had entered into an agreement that no such order should issue at that time.

3rd. In holding that to set aside the sale for irregularity or mistake, there must have been irregularities or mistakes of the sheriff or the purchaser, and that such irregularities and mistakes coupled with the gross inadequate of price, were not sufficient to set aside the sale.

Opinion by Delaney J.

This suit was brought not exactly to rescind a sale, but rather to prevent its consummation.

A sheriff's sale is not complete until the purchase money is paid. Up to that time the bidder may recede from his bid, being, however, liable to a penalty, and the sheriff may advertise and sell the property, (Pasch. 3786, R. S. 2321).

The defendant in this case, then in pressing his claims to the property, occupies to a limited extent at least, the position of a party seeking the specific performance of a contract. The rule is almost universally accepted that inadequacy of price alone is not sufficient to justify the annulment of an executive sale.

"But" says Mr. Freeman "occasionally cases of great hardships arise and result in the questioning of the general rule; * * * or, if the rule is not questioned, the court will, at least, look anxiously for some reason whereby, without disputing the general rule, it may justify itself in declaring that the rule is not applicable to the case before it." Freeman on Ex. 309. Accordingly in Allen vs. Stephens 18 T.672,the Ch.Justice says : "In cases where the disproportion is so enormous as this, but slight additional circumstances will justify the inference that the sale is fraudulent." In that case property worth $600 had been sold for $21.50.

So in Chamblis vs. Tarbox, 27 T. 145, Justice Moore adopts expressions which the courts have used for nearly a century as follows : "If the bargain is such as no man in his senses would make, and that no honest and fair man should accept, and there are circumstances attending the sale, which may have operated to prevent the property from bringing a higher price, although at the time they may in fact have been unknown to the purchaser, the sale will be regarded by the court as, in its legal sense, fraudulent."

In both these cases the sales were collaterally attacked.

In Ballard vs. Anderson 18 T., when a large amount of property was sold in bulk for a trifling sum, and the purchaser brought suit to enforce the contract, the sale was held void upon general demurrer.

In Taul vs. Wright 45 T. 395, Justice Moore says : "When there is enormous inadequacy of price, at a sheriff's sale, if there be but slight irregularities or other circumstances attending it, calculated to prevent the property from bringing something like its reasonable value, it is regarded as unconscientious in the purchaser to hold the property so purchased and his deed will be cancelled."

This was a direct proceeding to set aside the sale. The case of Johnson vs. Crawl 55 T. 571, bears a striking resemblance to the present, and seems decisive of it, with the difference that the property was there sold for half its value and here it brought only about one-fortieth part.

In that case Ch. Justice Gould uses this language : "Although both the sheriff and the purchaser were guiltless of any intentional wrong, if the sale was had under circumstances which made it unfair to the judgment creditor, and which were also unfavorable to a fair price, the purchaser at such sale becomes so far participator in the wrongful or *improper* manner in which it was made, that he is in no condition to object to the extension of relief to one otherwise entitled to it."

The court below seems to have imputed negligence to the plaintiff, but it seems to us that his mistake can be attributed to nothing more serious than inadvertance, and hardly deserves to be visited with a penalty so heavy. Thus in the case of Ontario Bank vs. Lansing 2 Wend. 260, when the plaintiff in an execution inadvertently made a serious mistake in the amount of his bid, the court upon his application, set aside the sale. See also the authorities in Freeman Ex.308.

But even if the plaintiff be not entirely blameless, certainly neg-

ligence cannot be imputed to the defendants, Gurdy and wife, who are equally interested that the property should bring a fair price, and who joined in the prayer for relief.

In the interest of the due administration of justice, we think that the judgment should be reversed and that judgment should be rendered by the Supreme Court as should have been rendered below, that is, judgment for the appellants.

Report of the commissioners of appeals examined, their opinion adopted and the judgment reversed and rendered in favor of appellants.

WILLIE, C. J.

Judge Watts did not sit in this case.