The Peru Bridge Company *v.* Hendricks.

----------◆◆----------

THE PERU BRIDGE COMPANY *v.* HENDRICKS.

|  |  |
|---|---|
| 18 | 11 |
| 148 | 455 |

|  |  |
|---|---|
| 18 | 11 |
| 153 | 676 |

An incorporation for the erection and maintainance of a toll bridge, may employ a toll-gatherer, and take from him a mortgage to secure the faithful performance of his duties, although not expressly authorized so to do by its charter.

In an action to foreclose a mortgage, to which a subsequent purchaser of the fee is a party, the complaint should show that the mortgage had been recorded when such owner purchased, or that he then had notice of the existence of the lien, but the filing of the mortgage with the complaint and making it a part of it does not operate to make the endorsed certificate of the recorder that the mortgage had been duly recorded, a part of the complaint.

The Peru Bridge Company *v.* Hendricks.

APPEAL from the *Miami* Circuit Court.

DAVISON, J.—The *Peru Bridge Company* sued *George L. Dart* to recover money in his hands, as collector of tolls for the plaintiff, and to foreclose a mortgage, given by him, on lots numbered 87 and 88, in the town of *Peru,* to secure the payment, to the plaintiff, of all moneys received by him from such tolls. The mortgage bears date *November* 20, 1856, was filed with the complaint and made part of it, and has an endorsement in these words: "Received for record, *November* 22, 1856, and recorded in record C, page 191;" signed, *George Wilkinson,* Recorder of *Miami* County. It is averred that, on the 4th of *June,* 1858, one *Williamson Dunn* purchased the real estate described in the mortgage, at sheriff's sale, subject to the mortgage, and received a sheriff's deed therefor, and on the 22d of *December,* then next following, sold and conveyed the same real estate, to the State Bank of *Indiana,* and that on the 31st of that month, the State Bank sold and conveyed it to *Abraham W. Hendricks.* That between the 1st of *February,* 1857, and the 12th of *March,* 1859, *Dart,* as such collector, collected tolls for the plaintiff, for crossing her bridge, to the amount of 3,073 dollars, of which 2,035 dollars remain due and unpaid, &c.

*Dart* having failed to appear, was defaulted, and judgment, by default, for said 2,035 dollars, was regularly entered against him. *Hendricks* appeared and demurred to the complaint. The Court sustained the demurrer, and the plaintiff excepted. The main question to settle is, had this corporation power to receive the mortgage? The act incorporating the plaintiff, empowers her to organize,—to receive and collect stock subscriptions,—to build a bridge across the *Wabash* river at *Peru,* to erect gates and to demand and receive tolls,—to make bylaws for the management of the corporation, and to *hold* real estate, sufficient for carrying into effect the provisions of the act of incorporation. But no special power is given in the

The Peru Bridge Company *v.* Hendricks.

act to appoint a toll collector, and, of course, none to require of him security for the payment over of tolls received. Local acts 1842, p. 46.

Kent says that "the modern doctrine is to consider corporations as having such powers as are specifically granted by the act of incorporation,—or as are necessary for the purpose of carrying into effect the powers expressly granted, and as not having any other." 2 Kent's Comm. pp. 298–299. This is, no doubt, a correct exposition of the law. It is conceded, in argument, that this corporation, in order to render its purposes effective, had an implied power to appoint a collector of tolls—and to require him, as is common in similar cases, to give bond, with surety, for the faithful performance of his duties. But no power to receive the mortgage in question is specially given in the plaintiff's charter—and it is insisted that no such power can be implied from any of the powers expressly conferred. This position seems to be incorrect. A corporation, such as this, may lawfully become a creditor, and may, to secure the payment of a debt created in its regular course of business, take a mortgage on real estate;—and this it may do without any express authority, for the purpose, being conferred by the incorporating act. Its power to do so, will be implied in the reason and spirit of the grant. Angel & Ames on Corp. 117; 2 Kent's Comm. 281–2. And, it seems to us, that, upon the same principle, a corporation may receive a mortgage to secure the faithful performance of the duties of a necessary agent. The objection, that a mortgage includes the right of the corporation, upon foreclosure, to purchase the mortgaged premises, and thereby acquire more real estate than the charter authorizes,—is not at all available, because that objection, if it was valid, would apply to every case, in which, for the purpose of collecting her debts, she might choose to bid in lands exposed to sale on execution. As contended, it is usual, in cases like this, to take bond or

written undertaking with personal security, but the act of incorporation does not prescribe, nor does it intend, the kind of surety to be taken, and there seems to be no reason why the taking of the mortgage, in this instance, should not be held a proper exercise of the implied power, to receive security. Such exercise of that power is not inconsistent with any of the powers specifically granted, nor is it against public policy. And the result is, the mortgage must be deemed valid and effective.

But there is no proper averment in the complaint that the mortgage was on record, at the time the defendant purchased the premises, nor is it averred that, when he purchased, he had notice of the existence of the lien. As the complaint fails to make either of these averments, it must be held defective. The Clerk, it is true, has copied into the transcript what purports to be an endorsement on the mortgage—being a certificate of the Recorder that the mortgage was duly recorded; but that certificate was not made an exhibit in the complaint, and is, therefore, no part of it. *Magee* v. *Sanderson*, 10 Ind. 261.

*Per Curiam.*—The judgment is affirmed with costs.

*Ross & Effinger*, for the appellant.

*Wm. M. Dunn* and *A. W. Hendricks*, for the appellees.