Faulkner *et ux. v.* Overturf.

---

## FAULKNER ET UX. *v.* OVERTURF.

| 49 | 265 |
| 148 | 455 |
| 49 | 265 |
| 153 | 676 |

PLEADING.—*Foreclosure of Mortgage.—Recording of Mortgage.—Recorder's Certificate.*—A complaint to foreclose a mortgage on real estate against the grantee of the mortgagor, which alleges that the mortgage was recorded within ninety days after its execution, but does not allege where it was

recorded, is bad on demurrer, and its insufficiency is not cured by the memorandum or certificate of the recorder on the copy of the mortgage filed with the complaint and referred to therein, which memorandum is no part of the complaint.

From the Ripley Circuit Court.

*E. P. Ferris* and *S. M. Jones,* for appellants.

*W. D. Ward* and *J. B. Rebuck,* for appellee.

DOWNEY, J.—Six errors, in form, are assigned in this case, but only two questions are presented:

1. The sufficiency of the complaint; and,

2. The refusal of the court to grant a new trial.

The complaint, after the caption, is as follows:  Jonathan Overturf complains of Chester R. Faulkner and Sarah Faulkner, and says that on the 10th day of November, 1870, Hezekiah Murdock and Mary Jane Murdock executed a mortgage, which is filed herewith, and which mortgage was recorded within ninety days after its execution and delivery, conveying to the plaintiff the tract of land therein described as security for a debt evidenced by three notes, copies of each of which are filed herewith.  The first of said notes is due and unpaid; the second becomes due March 1st, 1874, and the third March 1st, 1875; that said land can not be divided, so as to be sold in parcels, without material injury to the said estate.  He further says that afterwards, in 1872, the said Hezekiah Murdock sold and conveyed the said real estate to the said defendant Sarah Faulkner, and that the defendant Chester R. Faulkner is the husband of the said Sarah Faulkner.  The plaintiff therefore asks judgment, etc.

The objection to the complaint, urged by counsel for the appellant, is, that it does not appear therefrom that the mortgage was recorded in the county wherein the real estate is situated, and counsel refer us to *Magee* v. *Sanderson,* 10 Ind. 261.  In that case, the complaint alleged that the mortgage had been recorded, but failed to aver when or where it was recorded.  The language of the learned judge, who delivered the opinion in that case, is as follows:

" But there is another ground upon which the complaint is

objectionable. It does not show when or where the mortgage was recorded; and for aught that appears, it may not have been duly recorded in the county where the land is situate, and hence, not an effective lien on the property when it was conveyed to the defendant."

The action in the case under consideration, like that of *Magee* v. *Sanderson, supra,* is by the holder and owners of the notes and mortgage against the grantee of the mortgagor, who is not bound by the lien of the mortgage unless the mortgage was legally recorded, or he had actual notice thereof. , When the action to foreclose the mortgage is by the mortgagee against the mortgagor, it need not be alleged that the mortgage was recorded; but, where the mortgage is being enforced against the grantee, in good faith and for a valuable consideration, of the mortgagor, the rule is different. 1 G. & H. 260, sec. 16. It is alleged that the mortgage was recorded " within ninety days after its execution and delivery," but where it was recorded is not shown. It is not even averred that it was properly, duly, or legally recorded, if that would be sufficient.

In our opinion, the court should have sustained the demurrer filed to the complaint. The memorandum or certificate of the recorder on the copy of the mortgage filed with the complaint is no part of the complaint, and can not cure this defect in the allegations of the complaint. *Knight* v. *The Flatrock, etc., Co.,* 45 Ind. 134.

The same question arises upon the evidence and the instructions of the court to the jury, and in ruling upon it the court repeated the same error.

There are other questions argued, but we do not deem it necessary to decide them.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the complaint.