## SCARRY ET UX. *v.* ELDRIDGE ET UX.

MORTGAGE. — *Foreclosure.* — *Action Against Subsequent Purchaser.* — *Notice.* — *Recording Mortgage.* — In an action to foreclose a mortgage on real estate, and to recover a personal judgment for the amount of the mortgage debt, against a subsequent purchaser of the mortgaged premises, who is alleged in the complaint to have assumed the payment of the mortgage debt as part of the purchase-money, it is not necessary to aver that such mortgage was ever recorded:

SAME. — *Identifying Mortgage Assumed.* — Where the averments of the complaint clearly identify the mortgage assumed by the defendant as the mortgage in suit, the fact that the defendant assumed the same as being payable to only one of several persons for whose use it was in fact payable, as appears from the complaint, does not render it insufficient.

SAME. — *Defect of Parties.* — In an action to foreclose a mortgage on real estate, against the last of several subsequent purchasers, each of whom, in receiving a conveyance of the land in fee-simple, had assumed the payment of the mortgage debt as part of the purchase-money, such other purchasers are not necessary parties defendants.

SAME. — *Evidence.* — *Record of Conveyance.* — The record of the deed to such defendant for the mortgaged premises is competent evidence of the delivery to him of such deed.

SAME. — *Indemnity Mortgage.* — Where the mortgage in suit was executed to indemnify the mortgagee against loss by reason of another mortgage, which was a lien upon another tract of land conveyed to the plaintiff by the mortgagor, an objection to admitting the latter mortgage in evidence, on the ground that the record thereof had not been satisfied, admits that it had been recorded, and that the defendant had notice of it.

SAME. — *Deed to Plaintiff.* — The said deed from such mortgagor to the plaintiff for the latter mentioned tract of land is competent evidence against the defendant.

SAME. — *Witness.* — *Husband and Wife.* — Where such mortgage was executed for the use of a husband and wife, he is a competent witness in his own behalf, in a joint action by them to foreclose the same, though such deed of conveyance was made to her alone.

SAME. — *Harmless Evidence.* — The introduction in evidence of the deed from the mortgagor, for the mortgaged premises, to the defendant's grantor, and of the record of the foreclosure of the mortgage for which the one in suit was given as an indemnity, though probably unnecessary, was not harmful.

SUPREME COURT. — *Improper Amendment by nunc pro tunc Entry.* — *Certiorari.* — Where, upon the whole record, except that objected to, a judgment appealed from appears to be right, the Supreme Court will affirm the

judgment, though an improper amendment of the record be made by the court below, by a *nunc pro tunc* entry, over the objection of the party appealing.

From the Boone Circuit Court.

*G. H. Goodwin, T. J. Terhune, R. W. Harrison, N. B. Taylor, F. Rand* and *E. Taylor*, for appellants.

*L. Barbour* and *J. H. Laird*, for appellees.

BIDDLE, J.—Jacob Eldridge and Esther Eldridge, his wife, in their complaint against John Scarry and Rebecca Scarry, his wife, aver, that, on the 12th day of February, 1874, the plaintiffs purchased of Edward Earl and Navini Earl lot number one, in block ten, in the town of Jamestown, in said county, for which they paid two thousand dollars, and took the conveyance in the name of Esther M. Eldridge; that there was an incumbrance on said lot, secured by a mortgage, dated August 20th, 1873, executed by R. L. Whittington and Mattie E. Whittington, his wife, then the owners and in possession thereof, to William H. Dickerson, duly acknowledged, delivered and recorded, to secure the payment of a promissory note for five hundred dollars, with interest, etc.; that, to indemnify the plaintiffs against said mortgage, the said Edward Earl and Navini, his wife, executed, acknowledged and delivered to the said Esther M. Eldridge, " for the use of the plaintiffs," a mortgage on thirty feet off of the east side of lot No. two, in block No. seven, in said town of Jamestown, which was duly recorded, and on the same day conveyed said lot No. one to the mortgagees—the present plaintiffs ; that, after said indemnifying mortgage was so executed by Earl and wife to the plaintiffs, the said Earl and wife, on the 20th day of March, 1874, conveyed the premises so mortgaged to Adam R. Miller, by deed of warranty, subject to the indemnifying mortgage executed to secure the payment of the note for five hundred dollars, which was a mortgage incumbrance on said lot one, in block ten, and

which Miller agreed to pay, as part of the purchase-money, to Earl and wife, not to exceed five hundred and thirty-five dollars; that, on the 21st day of March, 1874, Adam R. Miller, and Lizzie Miller, his wife, sold and conveyed, by deed of warranty, the thirty feet off of the east side of lot number two, to John Scarry, for the consideration of two thousand dollars; that John Scarry, as part of said purchase-money, agreed to assume and pay the said note and mortgage of five hundred dollars, and to hold the said Jacob Eldridge and Adam R. Miller harmless therefrom, which said assumption of Scarry was inserted in the deed to him executed by Miller and wife, for the said thirty feet off of said lot No.two; that neither said Edward Earl, nor the said Adam R. Miller, nor the said John Scarry, ever paid off said incumbrance on lot one, in block ten, nor any part thereof, but wholly refused so to do; that the mortgagee foreclosed said mortgage on said lot number one, and the plaintiffs were compelled to pay, and did pay off and discharge, the same.

Prayer for judgment against John Scarry for one thousand dollars, that the said mortgage on said lot number two be foreclosed, the premises sold to pay the same, and that the balance, if any remain, be levied of the goods and chattels of said John Scarry. Wherefore, etc.

A demurrer to the complaint, alleging the insufficiency of the facts therein stated to constitute a cause of action, was overruled, and exceptions taken.

A demurrer to the complaint was then filed, alleging a defect of parties—that Edward Earl and Adam R. Miller are necessary defendants. This demurrer was also overruled, and exceptions reserved.

Answer, general denial; trial by the court; finding for the appellees, against Scarry, that the mortgage be foreclosed and premises sold to pay the judgment, etc.

Judgment upon the finding.

Scarry *et ux. v.* Eldridge *et ux.*

The record properly presents the questions of overruling the demurrer to the complaint, and of overruling a motion for a new trial, which are assigned as errors in this court.

The objection taken to the complaint on the demurrer for want of sufficient facts is, that it does not aver when or where the mortgage sought to be foreclosed was recorded. In support of this objection, the appellants cite the case of *Faulkner* v. *Overturf*, 49 Ind. 265 ; but we do not think this case bears them out. It is true, that, where a mortgage is to be enforced against a subsequent grantee of the land, in good faith, for a valuable consideration, without notice, then the complaint should show that the mortgage was recorded in the proper county and within the proper time ; but, in a suit by the mortgagee against the mortgagor, or against a subsequent grantee with notice, no averment that the mortgage was recorded is necessary.

In the present case, Scarry stipulated, in the deed he received from Miller, to pay the mortgage sought to be foreclosed. In such a case, it is immaterial whether the mortgage was ever recorded or not. But the appellants say that this stipulation was to pay off a mortgage to Jacob Eldridge, while the exhibit shows that the mortgage was executed to Esther M. Eldridge. It is averred in the complaint, however, that the purchase of the lot to be protected by the mortgage was made by Jacob Eldridge and Esther, his wife, and the conveyance made to Esther, for the use of the appellees ; and subsequent averments in the complaint sufficiently show that the mortgage, which Scarry agreed to pay to protect Miller, was the same one which Miller agreed to pay to protect Earl. We think, therefore, that the mortgage which is sought to be foreclosed is clearly identified as the mortgage which Scarry agreed to pay, and, having stipulated to pay it, he certainly had notice of it ; hence it is not necessary to aver that it had been recorded.

The appellants further insist, that Earl and Miller should have been made defendants to the complaint. We do not think it was necessary. The ground of action in favor of the appellees is founded on the deed to Esther M. Eldridge, and on the indemnity mortgage executed by Earl, for the benefit of the appellees, and Scarry's stipulation to pay it. The deeds of Earl and Miller show that they have parted with all interest in the land mortgaged; they, therefore, need not be made parties to the foreclosure of the mortgage.

It may be that the appellees had a remedy against Earl and against Miller; but it is very certain, we think, that they have shown a cause of action against Scarry, independent of Earl or Miller. It appears to us, that the complaint is sufficient. Nothing is sought to be recovered in this action against either Earl or Miller, nor can their interests be unfavorably affected by the judgment.

At the trial, the appellees offered the deed of Miller and wife to Scarry in evidence; the appellants objected, on the ground that the delivery of the deed to Scarry had not been proved, and that the record of the deed was not competent eviden e to prcve the delivery. The objection was overruled, and properly, as to these grounds, and no other ground was pointed out. There was no objection made on the ground of variance.

The appellants also objected to the introduction of the mortgage executed by Whittington and wife—the incumbrance complained of—when it was offered in evidence to the court, upon the ground that the mortgage record did not show a satisfaction of the mortgage, and that the same was incomplete, irrelevant, and immaterial.

This objection was properly overruled. No objection was made upon the ground that it had not been recorded, nor that Scarry had no notice of it; but the objection implies that it was recorded, and that Scarry had notice of it.

The introduction of the deed from Earl and wife to Esther M. Eldridge, as evidence, was also objected to by the appellants, upon the ground that it did not tend to prove or disprove any fact in issue.

The objection was properly overruled. This deed was directly necessary to sustain the action; for, if the appellees had no title to the lot they had purchased from Earl, they would have no right to seek a foreclosure of a mortgage given to protect its title.

Jacob Eldridge, the husband of Esther, was offered as a witness at the trial. His testimony was objected to on the ground that he was the husband of his co-plaintiff, and that the mortgage sued on was executed to, and was the separate property of, his wife Esther.

The objection was overruled, and exception taken. The averment in the complaint is, that the lot to be protected by the mortgage to Esther was purchased by the witness and his wife, and that the mortgage was executed for their joint use; and, in his testimony, he stated that he owned a half interest in the property. As to this half, he was a competent witness. The objection was, therefore, properly overruled. *Haskit* v. *Elliott,* 58 Ind. 493.

The deed from Earl to Miller, and the record of the foreclosure of the mortgage of Whittington and wife to Dickerson, were introduced as evidence, over the objections and exceptions of the appellants, but we can perceive no objections to their introduction; nor are we sure their introduction, or either of them, was at all necessary to the case. The deed from Earl to Miller was no part of the ground of action against Scarry; and the appellants might have paid off the mortgage to Dickerson, without there having been any foreclosure of it, and still have held Scarry bound as the vendee of Miller, and upon his stipulation in the deed from Miller.

The transcript in this case was amended by a *nunc pro*

*tunc* entry in the court below, introducing matter into the bill of exceptions which it did not contain when it was originally certified to this court. A portion of this part of the record was objected to by the appellants, and, perhaps, properly; but we do not notice their objection, because, we think, upon the record as it stood without the attempted amendment, except such part of it as was not objected to, that the judgment is right. *Josselyn* v. *Edwards*, 57 Ind. 212; *Hoffman* v. *Risk*, 58 Ind. 113.

The judgment is affirmed, at the costs of the appellants, with four per cent. damages.

### On petition for a rehearing

BIDDLE, J.—The counsel for appellants think that we are mistaken in supposing that a part of the amendment to the record made in return to a certiorari was not objected to below.

We have again looked carefully to the amendments, and do not think we are mistaken. The portion of the amendments to which the counsel objected closes with these words: "And to this part of said order the defendants excepted at the time. All of which amendments and corrections, so ordered by the said court on said motion of plaintiffs, are made and set out fully above." The record then proceeds: "And further, in obedience to the writ of certiorari from the Supreme Court," etc. Then follows an amendment to the record inserting the motion for a new trial and the causes assigned therefor, to which there is no trace of any exception taken at the time; and the entry just above this amendment, showing that the parts excepted to were "set out fully above," precludes what followed from being a part of what preceded. So reads the record, and so we must hold it to be.

Counsel for appellants further think that there is a material difference in the description of the lot, between "Lot

No. 1, in Block No. ten (10), in the town ·of Jamestown," and " Lot No. one (1), and Block No. ten (10), in the town of Jamestown,"—" and there is no allegation of mistake, and no prayer for reform."

There might be a difference between these two descriptions set out in a pleading *in hæc verba;* but the averments in the complaint show that the mortgage sought to be foreclosed against Scarry is the same mortgage that Scarry in his deed from Miller stipulated to pay, as a part of the consideration for his purchase, and to hold Eldridge and Miller harmless therefrom. We do not see how it would be possible to foreclose the wrong mortgage under the averments and evidence in the case; at least we are fully convinced that the right mortgage was foreclosed on the right property, and that it is the same mortgage which Scarry stipulated to pay in the deed he received from Miller, and to save the appellees as well as Miller harmless therefrom.

Other questions made in the petition for a rehearing are fully considered in the original opinion, and we find no reason to change our views.

The petition is overruled.

Original opinion filed at May term, 1878.

Opinion on petition for a rehearing filed at November term, 1878.