No. 7650.

## MARTENS *v.* RAWDON ET AL.

PLEADING.—*Mortgage.—Foreclosure.—Complaint.—"Duly Recorded."*—A complaint to foreclose a mortgage of real estate against the grantee of the mortgagor, which alleges that the mortgage "was duly recorded in the mortgage records of Marion county, Indiana," without stating when it was done, is bad on demurrer.

SAME.—*Memorandum on Copy of Mortgage.*—Such a defect is not aided by a memorandum endorsed upon the copy of the mortgage filed, but not signed by any one, it being no part of the complaint; nor would it be cured by it, if signed.

From the Marion Superior Court.

*F. M. Finch* and *J. A. Finch*, for appellant.

*C. W. Smith* and *R. O. Hawkins*, for appellees.

WORDEN, J.—Complaint by the appellant against the appellees to foreclose a mortgage, executed on March 30th, 1848, by Christiana Martens, the plaintiff's mother, to secure to the plaintiff, Christiana Martens, the daughter, the payment of a sum of money stated therein.

The complaint contained five paragraphs, the first and fourth of which only remain in the record. The first paragraph alleged that the mortgage "was duly recorded," without stating when or where; and the fourth alleged that it "was duly recorded in the mortgage records of Marion county, Indiana," without stating when it was done.

The defendant Margaret F. Rawdon answered, alleging, in substance, among other things, that, after the execution of the mortgage, the mortgagor, Christiana Martens, intermarried with Henry F. A. Joachimi, and, with her husband, conveyed the real estate mortgaged to one John Toucksess, and that Toucksess and his wife conveyed it to said Henry F. A. Joachimi, and that afterward Joachimi and his said wife sold and conveyed it to John Bussey. The answer traces title to the defendant through mesne conveyances from Bussey, and

shows that she is a purchaser for a valuable consideration without notice of the plaintiff's mortgage.

The plaintiff demurred to this answer for want of sufficient facts, but the demurrer was overruled.   Exception.

The plaintiff declining to reply, judgment was rendered for the .defendant.  Judgment affirmed on appeal to general term.

The judgment below must be affirmed.   The answer of the defendant showed title in herself free from the mortgage, unless the latter was so recorded as to become constructive notice to her.   Neither paragraph of the complaint shows when the mortgage was recorded.   For aught that appears therein, it may have been recorded only on the day on which the action was commenced.

The complaint should have shown when the mortgage was recorded, in order that it might appear to have been done within the time prescribed by law, or before the right of the defendant, or those under whom she claims, accrued.   *Magee* v. *Sanderson,* 10 Ind. 261; *Faulkner* v. *Overturf,* 49 Ind. 265.   There is, to be sure, a memorandum endorsed upon the copy of the mortgage filed, stating the time of recording, but this is not signed by any one, and if it were it could not aid the defect in the complaint.   See the case last above cited; also, *Peru Bridge Company* v. *Hendricks,* 18 Ind. 11.

The judgment below is affirmed, with costs.