Hume *et al. v.* Mazelin.

No. 8987.

HUME ET AL. *v.* MAZELIN.

PROMISSORY NOTE.—*Interest after Maturity.*—A note specifying a certain rate of interest before maturity continues to draw interest at the same rate until paid or merged in a judgment, unless otherwise provided in the note.

SAME.—*Principal and Surety.—Release of Surety.—Extension of Time.—Consideration.*—An agreement between the principal and the payee of a note, to extend the time for its payment, will not release the surety unless founded on a valuable consideration; and the promise to pay interest at the rate specified in the note, or to pay instalments on the principal, is not a valuable consideration for an agreement to extend the time of payment, and will not release a surety on the note.

From the Marion Circuit Court.

*W. N. Harding, A. R. Hovey, J. Stevenson* and *H. F. Stevenson,* for appellants.

*R. E. Smith,* for appellee.

COOMBS, J.—This was a suit by the appellee against the appellants, upon a promissory note for $370, dated October 7th, 1872, payable twelve months after date, with ten per cent. interest from date, and attorney's fees.

The appellants joined in an answer of two paragraphs, upon which no question is raised.

The defendant Peter Royston answered in four paragraphs. The first paragraph alleges in substance that the note was executed by Hume as principal, and by him as surety, which the plaintiff well knew at the time, and that he derived no benefit from the consideration ; that after the note became due the plaintiff agreed with said Hume that if he would continue to pay ten per cent. interest thereon, the note should stand as a new loan for another year; and that said note did stand as a new loan for another year, and interest thereon was paid at that rate. Wherefore he was discharged, etc.

The second paragraph is substantially the same as the first, except the averment that Hume agreed to pay ten per cent.

interest on the note, and also to pay $50 per month on the principal.

The third is the same as the first paragraph, except as to the time of the extension.

The fourth paragraph alleges in substance, that, on the 12th of March, 1878, the plaintiff and Hume agreed between themselves that if Hume would pay $50 per month on the note, after harvest, the note should stand as a new loan until the 12th of August, 1878, and, in consideration of said agreement, said note did stand as a new loan from the 12th of March to the 12th of August, 1878. It was averred that all these agreements were made without the knowledge or consent of Royston.

A demurrer was sustained to the answer of Royston, and proper exceptions taken.

The cause was submitted to the court for trial, upon the issues formed upon the pleas of payment. Finding and judgment for the plaintiff. Exceptions to the finding and judgment of the court. Errors were assigned upon the ruling of the court on the demurrers to Royston's answers, and also upon the finding and judgment of the court.

The pleader no doubt intends to present the point that the note would only draw six per cent. interest after maturity, though the question is not discussed in the appellants' brief. But in the case of *Shaw* v. *Rigby, ante,* p. 375, it was held that such a note would continue to draw interest at the same rate until paid, or merged in a judgment. There was no error in sustaining the demurrer to the answer of Royston. There is no averment in either paragraph, that interest was ever paid in advance, or that Hume ever agreed to pay more interest than the note called for. An agreement between the principal and the payee of a note to extend the time for the payment, will not release the surety unless founded on a valuable consideration.

The promise to pay interest at the same rate the note called for, or to pay instalments on the principal of the note, was not a valid

consideration for an agreement to extend the time of payment so as to discharge the surety. These principles are too well settled by this court to require the citation of authorities to sustain them. No error has been shown in the finding and judgment of the court.

The judgment is affirmed, with costs.