No. 10,838.

### SOICE, EXECUTOR, *v.* HUFF, ADMINISTRATOR.

PLEADING.—*Complaint to Satisfy Mortgage and Judgment.—Tender.—Supreme Court.*—A complaint to secure the satisfaction of a mortgage and a judgment, alleging a tender and payment into court of " the full amount due on the judgment and the mortgage," but not stating the rate of interest on the judgment, or any other fact showing that the amount tendered was not sufficient, is good upon objection for the first time in the Supreme Court.

From the Marshall Circuit Court.

*A. C. Capron* and *C. Richardson,* for appellant.
*H. Corbin,* for appellee.

BLACK, C.—Francesca Schilt, administratrix of the estate of Christian Schilt, deceased, sued Christian Seiler. Pending the suit in the court below, said Francesca died, and William Huff having been appointed administrator *de bonis non* of said estate, the name of said successor was substituted, and the suit was continued by him. Issues were formed, which were tried by the court, the finding and the judgment being in favor of the plaintiff. The defendant's motion for a new trial was overruled. The defendant appealed. Before the submission of the cause in this court, the appellant died, testate, and the name of John Soice, as executor of his will, was substituted.

The specifications in the assignment of errors, discussed by

counsel, are that the complaint did not state facts sufficient to constitute a cause of action, and that the court erred in overruling the motion for a new trial.

By the complaint the administratrix of the estate of said Schilt, deceased, sought to have a certain judgment and a certain mortgage adjudged satisfied, as having been paid by the plaintiff. It is insisted that the complaint failed to show the full payment of the judgment and the mortgage.

The mortgage was executed by one Miller to the defendant Seiler, on the 7th day of August, 1871, upon certain real estate in Marshall county, to secure the payment of a note of the same date made by the mortgagor to the mortgagee, for $400, due in one year after date, with ten per cent. interest. The mortgage had been recorded, and the mortgaged property had been purchased by the plaintiff's intestate from said mortgagor. It was alleged, that by reason of said mortgagor's insolvency, the plaintiff was compelled to and did pay the mortgage, as afterward in the complaint set forth. The judgment was alleged to be one rendered in the court below against said estate after the plaintiff became administratrix thereof, being a judgment in favor of the defendant, said Seiler, for $893.02, rendered March 21st, 1876. It was alleged that the plaintiff had paid out of the assets belonging to said estate, to apply on said claims, at dates designated, certain specified amounts, aggregating $1,400. It was then alleged that, on the 25th of February, 1881, the plaintiff tendered to the defendant a certain amount stated, and demanded that the judgment and the mortgage be satisfied by him, he being, at the time of the making of said payments and said tender, the owner of said mortgage and of said judgment. The refusal of the defendant and the payment of the tendered money into court were alleged, and it was averred that the sum so tendered was the full amount due on said judgment and mortgage at the time of the tender.

The complaint did not show a particular application of any payment, and, therefore, it was not sufficient unless it showed

the full payment of both debts. If, as contended by the appellant, the complaint did not show such full payment except by counting interest upon the mortgage debt by the rule laid down in *Burns* v. *Anderson*, 68 Ind. 202 (34 Am. R. 250), it could not be regarded as stating sufficient ground for decreeing the satisfaction of the judgment and the mortgage ; for that case was overruled in *Shaw* v. *Rigby*, 84 Ind. 375 (43 Am. R. 96). See, also, *Hume* v. *Mazelin*, 84 Ind. 574 ; *Holmes* v. *Boyd*, 90 Ind. 332 ; *Kerr* v. *Haverstick*, 94 Ind. 178. The mortgage creditor was entitled to interest at the rate of ten per cent. per annum, for the period during which such debt, or any part of it, remained unpaid after the maturity of the mortgage note, as well as for the period between its execution and its maturity.

But the complaint did not state the rate of interest on the judgment or show upon what cause of action the judgment was rendered. The judgment bore interest from the time it was entered on the proper record. 2 R. S. 1876, p. 517, section 67. If it was upon a contract which bore interest at a certain rate expressed in the contract, the judgment would bear interest at the same rate, not exceeding ten per cent. if the contract was not made before the taking effect of the act of February 5th, 1873, 1 R. S. 1876, p. 600, and not exceeding six per cent. if controlled by section 3 of the act of March 7th, 1861, 1 R. S. 1876, p. 600.

The judgment might have borne such a low rate of interest that the payments particularly alleged, together with the tender, would have been sufficient to satisfy the judgment and the mortgage ; and it was alleged that the sum so tendered was the full amount due on the judgment and the mortgage at the time of the tender.

Upon an objection first made in this court, we can not say that the complaint was insufficient as suggested by counsel, and we make no examination of the pleading in any other respect.

The causes assigned in the motion for a new trial were that

the finding was not sustained by the evidence, and that it was contrary to law. There is a bill of exceptions which formally professes to contain all the evidence; but it appears therefrom that certain written evidence was introduced which is not in the record, the clerk stating in parenthesis that it was not on file.

As the evidence is not all before us we can not say that there was error in overruling the motion for a new trial.

There is no available error in the record.

PER CURIAM.—It is ordered, on the foregoing opinion, that the judgment be affirmed, at the appellant's costs.

Filed March 14, 1885; petition for a rehearing overruled Sept. 22, 1885.