Hoes *et al. v.* Boyer *et al.*

Filed Dec. 15, 1886.

———————◆———————

No. 12,589.

## HOES ET AL. *v.* BOYER ET AL.

MORTGAGE.—*Foreclosure.*—*Complaint.*—*Description of Interests of Defendants.*—It is not necessary, in a complaint for the foreclosure of a mortgage, to specifically describe the interest which each defendant has or may claim to have in the real estate covered by the mortgage.

SAME. — *Recording.* — *Averments as to.* – *Subsequent Purchasers.* — *Notice.*—Where it is shown by a complaint to foreclose a mortgage that any of the defendants are subsequent purchasers, it must be alleged that they purchased with actual notice of the mortgage, or that it was recorded within the time fixed by the statute, or before the sale and conveyance of the mortgaged property; but where it does not appear from the allegations of the complaint that any of the defendants are subsequent purchasers, it is not necessary to the sufficiency of the complaint that it should contain an averment that the mortgage has been recorded.

ASSIGNMENT OF ERROR.—*By Appellants Jointly.*—*Sufficiency.*—Where errors are jointly assigned by several appellants, they must be well taken as to all.in order to be available to any one of them.

HUSBAND AND WIFE.—*Fraudulent Conveyance.*—*Preference of Wife as Creditor.*—A husband may prefer his wife as a creditor by conveying to her real estate in payment of his indebtedness to her, and such preference will be upheld, if untainted with fraud.

From the Jasper Circuit Court.

*S. P. Thompson,* for appellants.

*F. Knefler* and *J. S. Berryhill,* for appellees.

ZOLLARS, J.—Appellee Boyer brought this suit to foreclose a mortgage. It is alleged in the complaint that in August,

1878, Frances E. Williams and her husband, Lyman U. Williams, executed to Boyer a mortgage on eighty acres of land in Jasper county, to secure the payment of a note, executed by them to him; that Frances E. died in 1884, leaving surviving her husband and three sons, naming them, as her only heirs at law.

The husband and sons were made parties defendants to the suit, as was also the appellant William F. Hoes.

As to him, the allegations in the complaint are, that he claims to have some sort of title to the land described in the mortgage, by virtue of a sheriff's deed executed by the sheriff of Jasper county, in pursuance of a sale by him upon an execution from the superior court of Marion county; that his claim is adverse to the plaintiff's interest, and is without any foundation whatever, either in law or equity.

The complaint is assailed for the first time by assigning as error in this court, that it does not state facts sufficient to constitute a cause of action.

The complaint, as will be observed, is not specific, either as to the nature of Hoes' claim, the date of the sheriff's deed to him, the date of the sale by the sheriff, the date of the execution, or as to any judgment upon which it may have been issued. It does not appear from the averments in the complaint, whether the sale by the sheriff to Hoes was prior or subsequent to the execution of the mortgage which Boyer is seeking to foreclose.

These uncertainties, however, do not render the complaint insufficient, and especially do they not render it insufficient as against the assault upon it for the first time by the assignment of errors in this court. It was a sufficient challenge to Hoes to set up whatever title or interest he might have, which would stand in the way of a foreclosure of the mortgage. *Hose* v. *Allwein*, 91 Ind. 497 (501); *Barton* v. *Anderson*, 104 Ind. 578 (581); *Craighead* v. *Dalton*, 105 Ind. 72; *Carver* v. *Carver*, 97 Ind. 497 (504); *Ulrich* v. *Drischell*, 88 Ind. 354; *Stockwell* v. *State, ex rel.*, 101 Ind. 1 (7, 17); *Lassiter* v.

*Jackman,* 88 Ind. 118; *Pennsylvania Co.* v. *Rusie,* 95 Ind. 236; *Soice* v. *Huff,* 102 Ind. 422; *Owen School Tp.* v. *Hay,* 107 Ind. 351; *Buchanan* v. *State, ex rel.,* 106 Ind. 251.

When we have decided, as we here do decide, that it is not necessary, in a complaint for the foreclosure of a mortgage, to describe the interest which each defendant may have, or claim to have, in the land covered by the mortgage, we have, in effect, decided that it is not necessary to allege in all cases that the mortgage has been recorded.

The purpose of the statute providing for the recording of mortgages, is to protect innocent purchasers. As between the parties to the mortgage, and all persons with notice, the mortgage is good and effectual without being recorded; and hence, in a suit to foreclose the mortgage, where there are no defendants except the mortgagor, it is not necessary to allege in the complaint that the mortgage has been recorded. And so, where it is alleged that some of the defendants to the suit are subsequent purchasers, with actual notice of the mortgage, it is not necessary to allege also that the mortgage has been recorded. *Faulkner* v. *Overturf,* 49 Ind. 265; *Scarry* v. *Eldridge,* 63 Ind. 44.

It has been held by this court, and correctly so, that in some cases it must be alleged in the complaint in the foreclosure suit, that the mortgage has been recorded. In each of the cases, however, where such an allegation was held to be necessary, it appeared from the averments in the complaint, that some of the defendants were purchasers and grantees of the mortgaged real estate, subsequent to the mortgage. *Magee* v. *Sanderson,* 10 Ind. 261; *Peru Bridge Co.* v. *Hendricks,* 18 Ind. 11; *Scarry* v. *Eldridge, supra; Faulkner* v. *Overturf, supra.*

In the case of *Martens* v. *Rawdon,* 78 Ind. 85, cited by counsel, it was held that an answer by one of the defendants in a foreclosure suit, that he was a subsequent purchaser for value, and without notice of the mortgage, was a sufficient

answer to a complaint in which there was no averment that the mortgage had been recorded.

Whether, in that case, it was made to appear by the complaint, that the defendant who filed the answer was a subsequent purchaser, can not be determined from the opinion. The sufficiency of the complaint was not questioned before the court, and nothing said in the opinion is authority for the proposition, that in all cases, where there are defendants besides the mortgagors, the complaint must contain an averment that the mortgage has been recorded.

If, in that case, it was made to appear by the averments in the complaint, that the defendant Rawdon was a subsequent purchaser, then the further averment that the mortgage had been recorded, was necessary. If, on the other hand, it did not appear from the allegations in the complaint, that he was a subsequent purchaser, an averment that the mortgage had been recorded was not necessary to the sufficiency of the complaint.

The answer was sufficient for the complaint, not because the case fell within the rule that a bad answer is good enough for a bad complaint, but because it contained the affirmative statement, not inconsistent with anything alleged in the complaint, that the defendant, being a subsequent purchaser, had no notice of the mortgage. That allegation might have been met with a reply, that the mortgage had been recorded.

We think the correct rule is, that where it is shown by the complaint in a foreclosure suit that any of the defendants are subsequent purchasers, the complaint must contain an averment that they purchased with actual notice, or that the mortgage was recorded within the time fixed by the statute, or before the sale and conveyance of the mortgaged property; and that where it does not appear from the allegations in the complaint in such a case, that any of the defendants are subsequent purchasers, it is not necessary to the sufficiency of the complaint that it shall contain an averment that the mort-

gage has been recorded. The recording of the mortgage could be of no consequence to a defendant whose title or claim of title antedates the mortgage. Neither could it be of any consequence to a defendant who is simply a judgment creditor, and in no sense an innocent purchaser.

In the case before us, as we have seen, the complaint does not show that appellants, or either of them, were subsequent purchasers. It is alleged that Hoes claims to have some sort of title to the land, through a sheriff's sale, but it is not alleged, nor in any way shown, that that sale was subsequent to the mortgage.

Without in any way defining Hoes' claim of title, except to characterize it as having no foundation either in law or equity, the complaint is a challenge to him to set up his title. This he did by an answer, which shows that the sheriff's sale upon which he relies antedates the mortgage about one year. Beyond question the complaint is good as against Hoes. We do not, therefore, extend this opinion to determine its sufficiency as against the appellants Waleski and Meiser. The errors are jointly assigned by all of the appellants, Hoes, Waleski and Meiser, and must be well taken as to all in order to be available for any one of them. *Hinkle* v. *Shelley*, 100 Ind. 88.

The pleadings filed by Hoes and the other appellants, Waleski and Meiser, defendants below, and the proof in their behalf, show, that the sheriff's sale, upon which they predicate their title to the land described in the mortgage, antedates the mortgage about one year; hence, it is of no consequence whatever to them when the mortgage was recorded, or that it has ever been recorded.

Hoes had the land sold by the sheriff of Jasper county as the property of Lyman U. Williams, in satisfaction of a judgment which he recovered against him, Williams, in the superior court of Marion county, in April, 1875, upon a promissory note dated in 1873. He purchased the land at the sheriff's sale, and received his deed from the sheriff in

1878. Appellant Waleski afterwards purchased the land from Hoes, and received from him a warranty deed therefor. He afterwards sold and conveyed·one-half of it to appellant Meiser. The land was originally purchased from one Shuler, and by him conveyed to Frances E. Williams, wife of Lyman U. Williams, in September, 1875. She and her husband executed the mortgage in suit in August, 1878.

Appellants filed cross complaints, alleging therein that the land was purchased from Shuler by Lyman U. Williams, and paid for by him, and that the conveyance of it to his wife, Frances E., was in fraud of his creditors, of whom Hoes was one.

In these cross complaints they asked that the land might be adjudged to have been the property of Lyman U., and that their titles thereto might be quieted, as against Boyer, the mortgagee, plaintiff below, and appellee here.

Was the land the property of Lyman U., and conveyed to his wife, Frances E., in fraud of Hoes, a creditor? That is the main question of fact in the case.

The court below found that the land was the property of Frances E., and decreed a foreclosure of the mortgage. This court can not reverse the judgment upon the evidence.

It is shown by the evidence that Lyman U. and Frances E. Williams were married in 1851; that sometime thereafter he borrowed from her about three hundred dollars; that subsequently he repaid, and again borrowed it at different times; that at different times she had it loaned to other persons; that in 1871 the wife received from the estate of a deceased sister about six hundred dollars, which the husband also borrowed; that in 1875, at the time the deed for the land in question here was made to the wife, he owed her for the moneys thus borrowed, about one thousand dollars; that he purchased the land from Shuler, and paid therefor about four hundred dollars, and had it conveyed to the wife as a payment to her of that amount, upon his indebtedness to her, and that she accepted it as such.

The evidence thus shows that Lyman U. Williams gave his wife a preference as one of his creditors. Such preferences may be made, and will be upheld, if untainted with fraud. *Grubbs* v. *Morris*, 103 Ind. 166.

As against the finding of the court below, this court can not say that there was any fraud in the conveyance of the land to the wife, Frances E.

It is said in argument that the money which she had in 1851 became the property of the husband by virtue of the marriage, under the law as it then stood. A sufficient answer to that is, that the husband treated the money as hers, repaid it to her, and again borrowed it at various times thereafter, and that he also owed her six hundred dollars borrowed from her in 1871. *Proctor* v. *Cole*, 104 Ind. 373 (383).

Upon the whole case, as presented by the record, the judgment ought to be and is affirmed, with costs.

