FRANK B. REYNOLDS and Others, Respondents, *v.* JOHN A. WEBSTER and ALMIRA E. WEBSTER, Appellants, Impleaded, etc.

*Mortgage to secure future advances — rights of the mortgagee against other creditors of the mortgagor — notice by the record.*

A mortgage given as collateral to a bond in the penalty of $3,000, conditioned to pay at maturity any and all balances of account, money, notes, etc., and indebtedness of any kind at any time thereafter owing by the mortgagors to the mortgagees, and intended as a security for future sales of property to be made from time to time by the mortgagees to such mortgagors, is a valid security, and is a conveyance within the Recording Act.

A party who takes such a mortgage upon recording the same is protected for advances made upon the faith and within the limits of the security, against intervening liens, until he has notice thereof, and the recording of a subsequent lien is not constructive notice thereof to him.

APPEAL by the defendants, John A. Webster and Almira E. Webster, from a judgment of the Supreme Court in favor of the plain-

tiffs, rendered at the Onondaga Special Term, and entered in the office of the clerk of the county of Onondaga on the 29th day of June, 1892.

Action by the plaintiffs to foreclose a mortgage given by one Covell to secure future advances. The defendant Webster claimed that a mortgage which he held from Covell for a part of the purchase money of the same premises, but which was not recorded until after plaintiffs received and recorded theirs, was a prior lien to that of the plaintiffs.

The court at Special Term held that plaintiffs' mortgage was prior for all sums advanced by them without notice of defendants' mortgage. On such decision judgment was entered against the defendants, and from such judgment this appeal is taken.

*M. M. Waters,* for the appellants.

*F. H. Everhart,* for the respondents.

PARKER, J.:

The defendant Webster, by his conveyance to Covell, transferred all his title and estate in the premises, and upon receiving back the mortgage for a part of the purchase price, he acquired only a lien thereon to that amount. (*Bryan* v. *Butts,* 27 Barb. 503 ; *Trustees of Union College* v. *Wheeler,* 61 N. Y. 88.)

He then stood in the position of an ordinary mortgagee for value, having transferred both title and possession to Covell.

The case cited from (*Dusenbury* v. *Hulbert,* 59 N. Y. 541), does not hold any different rule. Such case merely decides that intermediate the receipt of the title by Covell and the delivery back of the mortgage, it being all one transaction, Covell could not have given any lien that would be superior to such purchase money mortgage. While Webster held his mortgage, and before he had it recorded, the plaintiffs received the mortgage which they are now seeking to foreclose, and they promptly put it on record in advance of Webster. Their mortgage was collateral to a bond in the penalty of $3,000, conditioned to pay at maturity any and all balances of account, money, notes, etc., etc., and indebtedness of any kind at any time hereafter owing by the firm of Covell & Dickinson, or either of them, to the plaintiffs, and was intended as security for

future sales of cigars, from time to time, to be sold to such firm by the plaintiffs.

Such a mortgage is a valid security, and is a conveyance within the Recording Act. (*Ackerman* v. *Hunsicker*, 85 N. Y. 43.) Both Webster and the plaintiffs, therefore, stood in their relations to Covell as mortgagees of the same premises, the security of each being liable to be affected by the provisions of the Recording Act.

That act makes a prior, unrecorded mortgage void as against a subsequent mortgagee in good faith and for value, whose mortgage is first duly recorded. Webster's mortgage, therefore, although prior to plaintiffs' became void as to it, provided plaintiffs are to be deemed purchasers in good faith and for value.

On behalf of Webster it is claimed that plaintiffs were not purchasers for *value* because at the time they took and recorded their mortgage they had advanced nothing upon it. Also, that at most they were purchasers for value to the extent only of the amount advanced at the time Webster's mortgage was recorded, viz., ninety dollars, and that, hence, under the Recording Act plaintiffs' mortgage is made superior to Webster's to the extent of ninety dollars only. The case of *Ackerman* v. *Hunsicker*, above cited, decides both of such propositions against the defendants. It is there said that such a mortgage is a potential lien for its full amount, of which subsequent purchasers or incumbrancers have notice through the record, and the rule is distinctly laid down that " a party who takes a mortgage to secure further optional advances, upon recording his mortgage is protected against intervening liens, for advances made upon the faith and within the limits of the security, *until* he has notice of such intervening lien, and that the recording of the subsequent lien is not constructive notice to him." (See, also, *Farr* v. *Nichols*, 132 N. Y. 327.)

These cases seem to be conclusive against the positions taken by the defendants upon this appeal.

The judgment, therefore, should be affirmed, with costs.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment affirmed, with costs.