## SCHMIDT ET AL. *v.* ZAHRNDT.

[No. 17,949. Filed May 25, 1897. Rehearing denied October 8; 1897.]

NOTICE.—*Records of Deeds and Mortgages.*—The recording of deeds and mortgages is notice to subsequent purchasers and incumbrancers only *p. 451.*

MORTGAGES.—*To Secure Advancements.*—Where the mortgagee has bound himself to make or incur liabilities by advancing money to

Schmidt *et al. v.* Zahrndt.

the mortgagor from time to time, such advancements, when made, relate back, and the mortgage will be a valid lien for the advancements made as against a subsequent purchaser or incumbrancer with notice, actual or constructive, of the mortgage. *pp. 451, 452.*

SAME.—*Foreclosure.— Subsequent Mortgage.*—When it is shown by complaint or cross-complaint to foreclose a mortgage that any of the defendants are subsequent mortgagees, it must be alleged and proven that they took such subsequent mortgage with actual notice of the mortgage sued on, or that it was recorded within the time fixed by statute, or before the execution of the subsequent mortgage. *p. 455.*

PLEADING.—*Cross-Complaint.*—A cross-complaint must be sufficient within itself, without aid from any other pleadings in the case ; yet for matters of mere description and identification many of the allegations of the complaint may be referred to. *p. 456.*

MORTGAGES.— *Not Recorded Within Forty-five Days.— Subsequent Mortgage.—Statute Construed.*—Under section 3350, Burns' R. S. 1894, a mortgage not recorded within forty-five days from the time of its execution is fraudulent and void as against a subsequent mortgage taken in good faith and for a valuable consideration. *p. 457.*

APPEAL.—*Weight of Evidence.*—The Supreme Court will not weigh the evidence and pass upon the conflicts thereof. *p. 457.*

From the LaPorte Circuit Court. *Affirmed.*

*H. B. Tuthill* and *J. F. Gallaher*, for appellants.

*F. E. Osborn* and *M. T. Kmeger*, for appellee.

MONKS, J.—Appellee brought this suit against appellants, Schmidt and wife, to foreclose a mortgage executed by them, making appellant, Tuthill, a party defendant.

Schmidt and wife were defaulted, and appellant, Tuthill, filed a general denial and a cross-complaint to foreclose a mortgage, which appellee answered by general denial.

The court tried the cause and made a special finding of facts and stated its conclusions of law thereon in favor of appellee. To the conclusions of law the appellant, Tuthill, excepted. Appellant Tuthill, filed a

Schmidt *et al. v.* Zahrndt.

motion to modify the conclusions of law, also a motion for a new trial, each' of which was overruled. Judgment was rendered in favor of appellee.

The errors assigned and not waived call in question the conclusions of law, also the action of the court in overruling the motion to modify the conclusions of law, the motion for a new trial, and the motion to modify the judgment.

It appears from the special finding that, on April 25, 1893, appellant Tuthill, sold and conveyed the real estate in controversy to his co-appellant Schmidt; that said deed was duly recorded. Schmidt executed to appellant, Tuthill, his promissory note for $350.00, the amount of the unpaid purchase money, and also at the same time executed a mortgage on said real estate to secure said promissory note. Said mortgage was not recorded in the office of the recorder of said county until June 24, 1893, more than forty-five days after its execution. Afterwards, about the 1st of June, 1893, said Schmidt was engaged in the erection of a dwelling house upon said real estate, and for the purpose of erecting said house he negotiated a loan from appellee of $1,000.00, to be paid to himself from time to time as needed in the erection of said dwelling. And on said 1st day of June, 1893, said Schmidt, with his wife, signed and acknowledged a mortgage on said real estate to secure said loan, evidenced by five promissory notes of $200.00 each, due in one, two, three, four, and five years after date, respectively, with seven per cent. interest from date; that said notes were signed at the same time the mortgage was signed and acknowledged. Said mortgage was delivered to appellee and duly recorded on the 6th day of June, 1893, and within forty-five days after its execution. At the time said five notes payable to appellee were signed by

Schmidt they were left in his possession, and afterwards, during the month of June, and before the recording of the mortgage to appellant, appellee paid to said Schmidt $100.00 on said loan, and Schmidt gave to appellee the first note for $200.00, due in one year after date; that said sum of $100.00 was all the money paid by appellee to said Schmidt on said $1,000.00 loan secured by said mortgage, until after the recording of the mortgage executed by Schmidt to appellant. At the time said last named mortgage was recorded, all the notes signed by Schmidt payable to appellee, except the first for $200.00, due in one year, were still in the possession of Schmidt. It was not known at the time said mortgage was executed how much money said Schmidt would need in the erection of said dwelling, but when the same was completed, about August, 1893, it was found that $950.00 would be required, and a credit was entered on the first note for $50.00; that said money was borrowed and used in the erection of said dwelling house. Before taking said mortgage on June 6, 1893, appellee caused the records in the recorder's office of said county to be examined, and found the deed from appellant, Tuthill, to Schmidt, dated April 25, 1893, but found no record of any mortgage or other lien against said property. Appellee had no notice or knowledge of the existence of the mortgage to appellant, or that the purchase money for said real estate, or any part thereof, was unpaid, until after the execution of the mortgage by Schmidt to himself, nor until after he had paid the $950.00 to said Schmidt, all the money coming to him upon the loan secured by the said mortgage.

Upon the facts, the court found as one of the conclusions of law, that the appellee's mortgage was the first lien, and appellant, Tuthill's mortgage was the second lien on said real estate.

The facts found show that the mortgage was executed to appellee to secure $1,000.00, to be advanced by him from time to time as needed in the erection by Schmidt of a dwelling house on the mortgaged real estate; in other words, to secure future advances, and that appellee had no actual notice of appellant's mortgage until after all the advances were made.

The general scope of the recording laws is prospective, and not retrospective. Recording deeds and mortgages is notice to subsequent purchasers and encumbrancers only. *Ackerman* v. *Hunsicker*, 85 N. Y. 43, 39 Am. Rep. 621; *Stuyvesant* v. *Hall*, 2 Barb. Ch. 151; *King* v. *McVickar*, 3 Sandf. Ch. 192; *Howard Ins. Co.* v. *Halsey*, 8 N. Y. 271.

The mortgage of the appellant, Tuthill, was not recorded until after the expiration of forty-five days from its execution, and appellee's mortgage was recorded first. The general rule under our statute is that under such facts appellee's mortgage would be the first lien. But appellant, Tuthill, contends that the same, if a prior lien, is only such to the extent of the money advanced by appellee to Schmidt before his, Tuthill's mortgage was recorded; that the recording of her mortgage was constructive notice thereof to appellee, and that the lien of all advances made after that date are junior to her mortgage.

The question as to which of said mortgages, under such circumstances, was the prior lien on said real estate seems to have been decided in this State. In *Brinkmeyer* v. *Browneller*, 55 Ind. 487, this court declared the following proposition, sustained by the authorities: "First. Where the mortgagee has bound himself to make or incur liabilities, such advances, when made, shall relate back, and the mortgage will be a valid lien for advances made or liabilities incurred, against subsequent purchasers or incum-

brancers with notice, actual or constructive, of the mortgage.

"Second. Where there is no obligation on the mortgagee, and such advances or liabilities are merely optional with him, and he has actual notice of a subsequent incumbrance or conveyance of the mortgaged premises, before making advances or incurring liabilities, his lien is not good, as against the subsequent purchaser or incumbrancer. See 11 Am. Law Reg. N. S. 273, and authorities there cited."

The authorities generally seem to sustain the first of said propositions. *Brinkmeyer* v. *Helbling*, 57 Ind. 435, 449, 450; *Crane* v. *Deming*, 7 Conn. 387; *Griffin* v. *Burtnett*, 4 Edw. Ch. (N. Y.) 673; *Boswell* v. *Goodwin*, 31 Conn. 74, 81 Am. Dec. 169; *Rowan* v. *Sharps' Rifle Mfg. Co.*, 29 Conn. 282, 329; *Commercial Bank* v. *Cunningham*, 24 Pick. 270, 35 Am. Dec. 322, and note; note to *Divver* v. *McLaughlin*, 20 Am. Dec., on p. 658; 15 Am. and Eng. Ency. of Law, p. 799; 1 Jones Mortg., section 370; 3 Pomeroy's Eq. Jurisprudence, section 1199.

While there is a conflict in the authorities as to the doctrine declared in the second proposition, yet the same is sustained by reason and authority. Many authorities declare that if the future advances are optional, the prior mortgage, which is duly recorded, has preference over subsequent recorded mortgages or conveyances, not only for advances previously made, but also for advances made after their recording without actual notice thereof; that recording the second incumbrance does not operate as constructive notice, but actual notice is required. *Brinkmeyer* v. *Browneller, supra; Ward* v. *Cooke*, 17 N. J. Eq. 99, and cases cited; *Williams* v. *Gilbert*, 37 N. J. Eq. 86; *Sayre* v. *Hewes*, 32 N. J. Eq. 652; *Nelson's Heirs* v. *Boyce*, 7 Marsh. (Ky.) 401, 23 Am. Dec. 411; *McDaniels*

v. *Colvin*, 16 Vt. 300, 42 Am. Dec. 512; *Boswell* v. *Goodwin, supra; Crane* v. *Deming, supra; Rowan* v. *Sharps' Rifle Mfg. Co., supra; Wilson* v. *Russell*, 13 Md. 494, 71 Am. Dec. 645; *Witczinski* v. *Everman*, 51 Miss. 841; *Truscott* v. *King*, 6 Barb. 346; *Craig* v. *Tappin*, 2 Sandf. Ch. (N. Y.) 78; *Robinson* v. *Williams*, 22 N. Y. 380; *Ackerman* v. *Hunsicker*, 85 N. Y. 43, 39 Am. Rep. 621; *Reynolds* v. *Webster*, 24 N. Y. Supp. 1133; *Frye* v. *Bank of Illinois*, 11 Ill. 367; *Tapia* v. *Demartini*, 77 Cal. 383, 19 Pac. 641, and cases cited, 11 Am. St. 288, and note; *Ripley* v. *Harris*, 3 Biss. 199; *Conard* v. *Atlantic Ins. Co.*, 1 Peters (U. S.) 386; *Shirras* v. *Caig*, 7 Cranch. 51; note to *Divver* v. *McLaughlin*, 20 Am. Dec. on pp. 661, 662; 15 Am. and Eng. Ency. of Law, pp. 800, 801; 3 Pomeroy Eq. Jur., section 1199; 1 Jones Mortg., sections 364, 368-370, 372-374; 2 Am. Law Reg. (N. S.), p. 19 *et seq.;* 11 Am. Law Reg. (N. S.), 273, and authorities cited.

Chief Justice Redfield, in an article on this subject, in 2 Am. Law Reg. (N. S.), at p. 18, said: "The most important remaining inquiry is in regard to the extent, and kind of notice of the subsequent mortgage, which it is requisite the first mortgagee should have, in order to postpone his further advances to such intervening security. As a general rule, it has been considered that the registry of the second mortgage, will only be notice of its contents to *future* purchasers and incumbrancers, and not to *prior* incumbrancers, thus operating forward and not backward. * * * * We find the law established in some states, that the registry is full notice to the first mortgagee not to make further advances under his mortgage. * * * * But the general view of the American courts, and the uniform declaration of the English courts, as far as we know, is, that nothing short of notice in fact will have this effect. It is expressed under various forms of

Schmidt *et al. v.* Zahrndt.

language, but the result of the whole is, that if the first mortgagee have knowledge of the existence of a second mortgage upon the estate, he cannot give further credit upon his prior mortgage, provided it is entirely optional with him, whether he make the advances or not. This has been often declared by judges and text writers, and may now be regarded as settled law, notwithstanding an occasional case seems to require something more."

The rule is thus stated in 15 Am. and Eng. Ency. of Law, p. 801: "Where the mortgage on its face gives such information as to the purpose and extent of the undertaking of the mortgagee that any one interested may, by ordinary diligence, ascertain the extent of the incumbrance, then the better view seems to be that the mortgage will have precedence over subsequent incumbrances, as to all advances made within the terms of a mortgage, whether before or after such junior incumbrance, even though the extent of the contemplated advances are not limited, and whether the mortgagee be bound to make the advances or not."

In 3 Pomeroy, Eq. Jurisprudence, section 1199, it is said concerning the question under consideration, that "The prior mortgage, therefore, duly recorded, has a preference over subsequent recorded mortgages or conveyances, or subsequent docketed judgments, not only for advances previously made, but also for advances made after their recording or docketing without notice thereof. As the record of the second encumbrance does not operate as a constructive notice, it requires an actual notice to cut off the lien of the prior mortgage; and the subsequent encumbrancer may, by giving actual notice, at any time prevent further advances from being made to his prejudice."

It is clear from what we have said, and the author-

ites cited, that the court did not err in the conclusion of law, that appellee's mortgage was the first, and appellant, Tuthill's, the second lien on said real estate.

It is insisted, however, by said appellant that appellee's rights as a subsequent mortgagee depended upon section 3350, Burns' R. S. 1894 (2931, R. S. 1881), which provides that every conveyance or lease not recorded within forty-five days after the execution thereof, shall be fraudulent and void, as against any subsequent purchaser, lessee, or mortgagee in good faith and for a valuable consideration, "and that, under the authorities, to obtain the benefit thereof, he was required in his answer to appellant's cross-complaint to set up facts showing that he was a *bona fide* purchaser from Schmidt, without notice; that not having filed such answer, the pleadings present no question as to the priority of appellee's mortgage, and that for this reason the special findings and conclusions of law on that question were outside the issues in the case, and should be disregarded. The rule in this State is, that when it is shown, by the complaint or cross-complaint to foreclose a mortgage, that any of the defendants are subsequent mortgagees, that it must be alleged and proven that they took said subsequent mortgage with actual notice of the mortgage sued upon, or that it was recorded within the time fixed by statute, or before the execution of the subsequent mortgage. *Hoes* v. *Boyer*, 108 Ind. 494, 497; *Magee* v. *Sanderson*, 10 Ind. 261; *Peru Bridge Co.* v. *Hendricks*, 18 Ind. 11; *Scarry* v. *Eldridge*, 63 Ind. 44; *Faulkner* v. *Overturf*, 49 Ind. 265. But when it does not appear from the allegations of a complaint or cross-complaint to foreclose a mortgage, that any of the defendants thereto are subsequent mortgagees, it is not necessary to the sufficiency of the complaint or cross-complaint to allege that the mortgage had been recorded within the time

fixed by law. *Hoes* v. *Boyer, supra; Mann* v. *State, ex rel.*, 116 Ind. 383, 385.

. It was alleged in appellee's complaint that appellant, Tuthill, claimed to hold some lien on the real estate, the nature of which was unknown to appellee, and that the same was subsequent and subordinate to the lien of appellee's mortgage; it was also shown, by the facts alleged, that appellee's mortgage was duly recorded within the time fixed by the statute. Said appellant filed a general denial to the complaint, and also a cross-complaint to foreclose her mortgage. The allegations of the cross-complaint show that said appellant's mortgage was recorded more than forty-five days after its execution, but it is alleged that the same "is superior in all things to appellee's mortgage which he is endeavoring to have foreclosed in this action." Appellee answered said cross-complaint by a general denial. Under our system of pleading, a cross-complaint must be sufficient within itself, without aid from any other pleadings in the case. *Campbell* v. *Routt*, 42 Ind. 410; *Masters* v. *Beckett*, 83 Ind. 595; *Conger* v. *Miller*, 104 Ind. 592. Yet, for matters of mere description and identification many of the allegations of the complaint may be referred to. *Anderson* v. *Wilson*, 100 Ind. 402, 407. As the allegations of the cross-complaint show that said appellant's mortgage was not recorded until after the expiration of the term fixed by the statute, it would seem that the facts showing that said mortgage was "superior in all things to appellee's mortgage" should have been alleged instead of the mere conclusion of the pleader. However, we need not, and do not, determine the question of the sufficiency of the cross-complaint as against appellee.

It is sufficient to say that upon the issues so joined, one of the questions to be determined by the court

was, which of said mortgages was the prior lien on the real estate, and that, therefore, the court's finding and conclusion that the lien of appellee's mortgage was prior to the lien of said appellant's mortgage was not without, but within the issues.

It was not necessary for the court to state in the findings that appellant, Tuthill's mortgage was fraudulent and void as against appellee. The facts found show that appellee was a subsequent mortgagee in good faith and for a valuable consideration, and that said appellant's mortgage was not recorded within forty-five days after its execution. Under such circumstances, said appellant's mortgage was fraudulent and void as against appellee, as provided in section 3350, Burns' R. S. 1894 (2931, R. S. 1881). In such a case, whether the instrument not recorded within the time fixed by statute is fraudulent and void as against a subsequent purchaser or mortgagee is not a question of fact, but of law as declared by the statute. The provisions of section 6649, Burns' R. S. 1894 (4924, R. S. 1881), have no application to such a case.

Under the well settled rule we cannot reverse this case upon the evidence, which is conflicting, because there is evidence which, considered alone, fully supports the findings. *Lawrence* v. *VanBuskirk*, 140 Ind. 481; *Childers* v. *First National Bank*, 147 Ind. 430.

What we have said disposes of all the questions presented.

Finding no available error, the judgment is affirmed.